BOWES, Judge.
Plaintiffs, Dr. and Mrs. Santo Taormina, perfect this appeal from a judgment of the trial court in favor of defendants, Mr. and Mrs. Edmond B. Story, Jr. We affirm.
Dr. and Mrs. Taormina brought an action for damages and for injunctive relief based on the alleged violations of defendants of certain restrictive covenants. Plaintiffs are landowners in the Pontchartrain Shores Subdivision in Jefferson Parish, specifically lots 13, 14 and 15 of Square 83 (a building designated as 4408 Shores Drive); defendants own the adjoining land, lot 16 of Square 83. Plaintiffs charged that the defendants were constructing a building intended for commercial use while providing insufficient parking facilities as required in the restrictions.
Plaintiffs’ other major contention is that the building in question, which is split into commercial and residential facilities, circumvented the intention of the restrictive articles, and further violated the provision that residential property may not be used either directly or indirectly for trade or business.
The defendants commenced building a structure on their lot which building is half commercial (3 downstairs units) and half residential (3 upstairs apartments). Testimony at trial established that the total square footage of this building was approximately 3,840 square feet — 1,920 square feet per floor. Testimony also confirmed that the lot itself totalled 6,322 square feet. At trial, defendants’ witness, the contractor for the building, testified that there were thirteen paved parking spaces, each 9' by 19', or, as plaintiff’s counsel pointed out, 2,223 square feet of paved parking. Two or three spaces were obstructed by a fire hydrant and tension shoulders for power lines, but these tension shoulders for the power lines could be easily moved. Plaintiffs contend that the paved parking was insufficient under the restrictive covenant, Clause II(2).[1] They advance the theory that if part of the building was used for commercial purposes, then the entire building should be considered “commercial.” To hold otherwise, plaintiffs contend, creates a new classification of property. According to this notion, application of the pertinent clause would require the parking area to be twice times 3,840 square feet (the entire footage of the building), or, as we compute it, 7,680 square feet. Therefore, defendant would be in obvious violation of the building restrictions.
Alternatively, plaintiff insists that if a residence is built on commercially-designated property, that such building is subject to all the residential restrictions for a single-family residence[2]. Upon accepting this interpretation, plaintiffs feel that the Court should rule that the appellee may use the upper floor as a single family home only; if the building is separated for purposes of application of the restrictive covenant, then the residential building restrictions for a single family home must apply.
The district court found otherwise, and we must agree. In his oral reasons for judgment, dictated into the record, the trial judge found that nothing in the covenant prohibited the combination structure. We find that he was correct. He further found that each portion of the structure was not subject to separate covenants (residential *524 and commercial), and that the least restrictive use of the property, the commercial restrictions, would then apply to the entire property. We agree. Doubt as to the existence, validity, or extent of building restrictions is resolved in favor of the unrestricted use of the immovable. La.C.C. Art. 783. Nowhere in the document encompassing the building restrictions is there any clause, nor can we deduce any general intent on the part of Wegro, Inc. (the original owner who imposed the restrictions), to forbid the kind of hybrid building in question. To subject the building to separate covenants would be to impose double restrictions, and such logic violates the mandate of C.C. Art. 783.
As did the trial judge, we, too, find the entire covenant tends to be vague, and conflicting in the particular areas in question. The district court found the applicable square footage to consider in determining parking should be that portion of the building used for commercial purposes. This is an eminently sensible view,' if, as plaintiffs contend, the obvious intention of the maker of the covenant was to avoid over-congested streets and parking in commercial areas (the potential congestion evidently foreseen as a result of the businesses renting the commercial property).
Appellants urge that had appellees built a ten-story building on the lot and used just the bottom floor for commercial purposes, then it would be unreasonable to use that bottom floor to determine sufficient parking space. Inasmuch as the restrictions do not address the question of minimum parking space for residential (single, family or otherwise) use, we disagree. In point of fact, we find there is no other reasonable standard of interpretation.
It is recognized that restrictions affecting immovable property are to be strictly construed, with any doubt resolved in favor of unencumbered property use. However, when differences arise as to the extent or limitation of restrictions, courts must look to the expressed intention of the party encumbering the property as set forth in the instrument embodying the restrictions, giving due consideration to the entire context of the document. Mitchell v. Killins, 408 So.2d 969 (La.App. 2nd Cir.1981)
We agree with the maxim expressed above in Mitchell. However, as counsel for appellee astutely points out in his brief, the record contains no testimony in support of appellants’ “intention” arguments. This forces us to look to the Restrictive Covenants document itself to determine the intentions of the planners. In considering the entire document, we find nothing to support the plaintiff’s reasoning. Lots 3 through 16 of square 83 were designated as “Commercial or business area”; lots 1 and 2 and 17 through 28 of square 83 were designated as permitting the building of doubles, duplexes, tri-plexes and four-plexes. Appellees own lot 16 in Square 83 on which the building in question is built. Considering this, we find no reason to require defendants’ upper floor to be used as a single private residence — that the “general residential restrictions” should apply, as urged by appellants. This could not have been the intention of the planners through any reasonable interpretation. If the intention originally was to avoid traffic congestion in private residential neighborhoods, as appellants contend, then defendants do not violate the covenant or circumvent the intent of its makers.
In affirming the trial court’s findings as to the nature of the building and the portion thereof to be used in computing the necessary parking space, we find that there is nothing in the record before us to contradict the conclusion that there was sufficient available parking space to meet the requirements. In subtracting the square footage of the slab and the building from that of the lot, there is approximately 4,400 square feet available for parking facilities. The paved parking provided by defendants and computed by plaintiffs at 2,223 square feet does not consider ingress and egress, as properly pointed out by the defendants’ contractor. There is no figure given in the record of the square footage of the entire parking lot, considering access. However, *525 the defendants’ contractor testified that using the square footage figure for the first floor, there was twice the parking space as required, although he was not permitted by plaintiffs’ counsel to elaborate on any actual figures. In view of these facts and this testimony, we cannot say that the trial judge was manifestly erroneous in his conclusions or that such conclusions were not supported by the record.
Our findings, as set forth above, render moot plaintiffs’ assignments of error (although such specifications of error were not briefed) regarding certain signs on the property. In addition, it appears that no prohibitions against any kinds of signs are enumerated in the commercial restrictions.
For the foregoing reasons, the judgment of the trial court is affirmed. Appellants are to pay all costs of this appeal.
AFFIRMED.

. 11(2) No building intended for commercial use shall be erected, operated or permitted to remain on any of the hereinabove described property unless off-street parking facilities are provided by the owner to the minimum extent of twice the square foot area of the building floor space.

. In support of this contention, plaintiffs quote the following clauses under the commercial building restrictions:
(4) Nothing herein contained shall be construed as prohibiting the use of these sites for residential purposes, but if so used for residential purposes, they shall be subject to the general residential restrictions applicable to a residence in this Subdivision.
And under the residential building restrictions:
(1) Land use and building type:
Neither the owner, nor his successors or assigns, shall ever use, or permit to be used, any house, or houses, erected, or to be erected, on said lots hereinabove described either directly or indirectly for trade or business of any form, or for any purpose other than that of a private residence.