607 So.2d 573 (1992)
Anna DURAND, Curator, on Behalf of the Interdict, Galon L. DURAND, Jr.
v.
NATIONAL TEA COMPANY and F.A. Richard & Associates.
No. 91 CA 1039.
Court of Appeal of Louisiana, First Circuit.
May 22, 1992.
Rehearing Denied December 9, 1992.
Ron S. Macaluso, Hammond, for plaintiff-appellee.
Jeffrey C. Napolitan, New Orleans, for defendant-appellant.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
LOTTINGER, Judge.
This appeal challenges a judgment casting the defendant for worker's compensation benefits, future medical expenses, penalties, and attorney's fees. National Tea Company (National) asserts that Mrs. Durand's husband, the comatose and interdicted Galon Durand, Jr., did not suffer a work-related injury when he collapsed during work, and suffered a heart attack that reduced blood and oxygen flow to the brain, leaving him in a persistent vegetative, comatose state. National also asserts that it was not arbitrary and capricious in challenging the plaintiff's claim that the heart attack was work-related, such that it would not, therefore, be liable for statutory penalties and attorney's fees, because it reasonably controverted plaintiff's entitlement to benefits. National also asserts that it should be given a credit for past medical payments made on behalf of Mr. Durand because these payments were *574 made by an insurance fund that is fully funded by National.

FACTS
The facts of this case are largely undisputed, rather, the conclusions to be drawn from these facts are disputed. On the morning of November 10, 1989, Galon Durand, Jr., went to work at the National Canal Villere store on Williams Boulevard in Kenner. His shift began that morning at 6:30 a.m., and Durand began his work as a meat cutter repackaging ground beef in the cooler, a refrigerated room in which he fed 10-lb. tubes of ground beef into a grinder for repackaging in cellophane-wrapped packages. At approximately 8:00 a.m., Durand took a coffee break during which he fell ill.
One co-worker, Mr. Chapman, testified that he heard a noise and saw Durand falling to the floor. Chapman stated that Durand's head hit the floor with a sickening cracking sound. Chapman went to Durand's side and tried to revive him by calling to him, but he almost immediately realized that professional medical help was needed. Chapman notified Durand's supervisor, Mr. Shields, that Durand had collapsed and went to tell the store manager to dial 911.
Efforts to rouse Durand failed, and his doctors subsequently diagnosed a persistent vegetative state coma caused by oxygen deprivation of the brain that, in turn, had been caused by cardiac arrest. Durand remains in a coma to this day, and his wife had herself appointed as his curatrix, and she prosecutes this action for worker's compensation benefits in order to pay the daily-mounting medical bills incurred by Durand's injury.
Following an expedited trial, the trial court found that Durand's injury was the result of a work stress induced heart attack and that Durand was entitled to benefits that were to include past and future medical expenses. The trial court also found, without stating why, that National was arbitrary and capricious in denying benefits to Durand and cast National for penalties and attorney's fees.

ASSIGNMENTS OF ERROR
National urges six assignments of error:
(1) The trial court erred in finding that Durand's injury arose out of employment because plaintiff offered no medical evidence linking Durand's heart attack to his employment.
(2) The trial court erred in awarding penalties and attorney's fees given that National reasonably controverted Durand's entitlement to benefits.
(3) The trial court erred in failing to give National a credit for medical payments already made by the insurance fund.
(4) The trial court erred in making an award of future medical expenses.
(5) The trial court erred in imposing penalties on medical expenses.
(6) The trial court erred in awarding interest on attorney's fees from the date of judicial demand instead of from judgment.

I
In its first assignment of error, National asserts that Durand has not sustained his burden of proving, by a preponderance of the evidence, that his injury was work related because there was no medical evidence linking the heart attack to his employment. National cites numerous cases in support of its contention that a plaintiff must introduce medical evidence before it can be said that a heart attack was work related. One of these cases is Reid v. Gamb, Inc., 509 So.2d 995 (La.1987). In Reid, the supreme court found that the medical evidence presented by the plaintiff gave the trial court a reasonable basis to find that the stroke suffered by the plaintiff, Reid, was not employment related. Reid, 509 So.2d at 1002-1003.
However, the case addresses the weight of the evidence, not its sufficiency, which National is challenging here, and National cannot say that the case supports its contention. On the contrary, the case undermines National's contention because it states that "[l]ay testimony may be relied on to support a causal connection [between *575 an injury and employment], even when there is positive medical testimony to the contrary." Id. at 997.
In this vein, the plaintiff cites Ruf v. Darrell DeMoss Photographers, 568 So.2d 1157 (La.App. 5th Cir.), writ denied, 571 So.2d 655 (La.1990), for the proposition that lay testimony, alone, is sufficient to establish that a heart attack is employment related. On page 1159 of the opinion, the fifth circuit cites Reid in support of its conclusion that lay testimony is sufficient to prove that an injury arose out of employment, because logic compels that conclusion. The unstated reason for this conclusion is a realization that where lay testimony is sufficient to overcome medical testimony, it ought to be able to stand alone.
National characterizes the Ruf case as an aberration from a continuous line of supreme court cases requiring medical testimony, in addition to lay testimony, to establish causation. This argument is without merit given the plain implication of Reid, as recognized in Ruf. The cases cited by National only required that medical causation be proved by a preponderance of the evidence, not by a preponderance of the medical evidence. Thus, it cannot be said that the cases relied upon by National support its conclusion that medical evidence is a required element of proof despite the fact that those cases relied on medical evidence to reach and support their results. Therefore, given that there is sufficient lay testimony to establish that Durand's injury was employment related, we cannot find that the trial court's determination, that Durand is entitled to benefits, is manifestly erroneous.

II
In its second assignment of error, National asserts that the trial court erroneously awarded penalties and attorney's fees against it. National asserts that it reasonably controverted Durand's right to compensation benefits because it raised a bona fide question regarding the medical (i.e. factual) causation of his heart attack. Without stating why, the trial court found otherwise. After a thorough review of the record, we have found no evidence of an arbitrary or capricious denial of benefits, and must, therefore, reverse this portion of the trial court's judgment. Cf. Scott v. Insurance Company of North America, 485 So.2d 50 (La.1986). This finding obviates discussion of National's fifth and sixth assignments of error, and we pretermit them.

III
In its third assignment of error, National complains that the trial court erroneously denied it a credit for medical payments already made to plaintiff by the insurance fund it alleges it fully funds. At the end of the trial, the court held the record open to receive National's evidence as to the nature of the plan. The plaintiff objected to this introduction on grounds that she was denied an opportunity to challenge the evidence at trial. We need not reach the merits of National's claim, however, due to the insufficiency of the evidence introduced.
National introduced a portion of a document purporting to establish and administer a benefits plan by agreement between a food workers' union and National. This plan was in favor of the union's members, such as Durand, and establishes the level of contributions National would be required to remit to the union for each eligible employee. However, the document in no way establishes that this plan is fully funded by National such that it would be entitled to a credit for payments made by the plan to any eligible employee. See and compare Fontenot v. Schlumberger Well Service, 503 So.2d 1109, 1115-1117 (La. App. 3rd Cir.1987) and Woolsey v. Cotton Brothers Bakery Co., Inc., 535 So.2d 1119, 1127-1128 (La.App. 2d Cir.1988), writ denied, 537 So.2d 1168 (La.1989). The substance of the document introduced by National starts at page 18 of the document. This document, alone, can hardly be said to support National's contention that it is due a credit for medical payments, and we must affirm the trial court's denial of a medical payments credit due to the insufficiency of this evidence.

*576 IV
Finally, in National's fourth assignment of error, defendant asserts that the trial court erroneously granted plaintiff a judgment for future medical expenses. We agree, and reverse this portion of the award. Lester v. Southern Casualty Insurance Company, 466 So.2d 25, 27 (La. 1985).
Recognizing the trial court's error, plaintiff has requested, in the alternative, that we order National to furnish her with a letter of financial responsibility, relying on Wilson v. Ebasco Services, Inc., 393 So.2d 1248, 1253-1254 (La.1981). In that case, the plaintiff was denied admission to a treatment program because she did not have payment guaranteed prior to treatment. In holding that the plaintiff was entitled to the letter of financial responsibility, the Court stated that denying plaintiff the letter was "tantamount to violating the statutory duty to `furnish all necessary medical ... services.' R.S. 23:1203". Id. at 1254 (emphasis in original).
There has been no showing in this case that plaintiff will not have her bills paid by National now that it has been adjudged liable for payment of compensation benefits and medical expenses to Durand, who, it has been stipulated by National, is permanently and totally disabled. See Wilson v. Ebasco Services, Inc., 393 So.2d at 1253. Therefore, we must reverse the award of future medical expenses to plaintiff, and we decline, at this time, to order that National furnish her with a letter of financial responsibility for all future medical expenses.

CONCLUSION
Therefore, for the above and foregoing reasons, the judgment of the trial court, casting the defendant-appellant for the payment of benefits under the worker's compensation statutes, and denying a credit for medical expenses paid is affirmed. Those portions of the judgment casting the defendant-appellant for penalties, attorney's fees, and awarding future medical expenses are reversed. Costs are assessed against National.
AFFIRMED IN PART, REVERSED IN PART, and RENDERED.
GONZALES, J., concurs.