670 So.2d 1242 (1995)
Lark STARNES
v.
ASPLUNDH TREE EXPERT COMPANY.
No. CA 94 1647.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
Rehearing Denied March 5, 1996.
*1244 William M. Magee, Covington, for Plaintiff/2nd Appellant, Lark Starnes.
Michael L. Hyman, Baton Rouge, for Defendant/1st Appellant, Asplundh Tree Expert Company.
Before LOTTINGER, C.J., WATKINS, SHORTESS, CARTER, LeBLANC, FOIL, GONZALES, WHIPPLE, FOGG, PITCHER, PARRO, FITZSIMMONS, KUHN, JJ., and REDMANN and TANNER,[1] JJ. Pro Tem.
LOTTINGER, Chief Judge.
In this worker's compensation case, the hearing officer rendered a judgment and two amended judgments in favor of plaintiff, Lark Starnes, and against his employer, Asplundh Tree Expert Company (Asplundh). Both parties have appealed.

FACTS AND PROCEDURAL HISTORY
On February 10, 1993, Starnes was injured in the course and scope of his employment with Asplundh, when he lacerated his left forearm with a chain saw while trimming the branches of a tree. Following the accident, plaintiff was taken to Slidell Memorial Hospital, where he underwent surgery for exploration and debridement of the wounds, repair of seven tendons and a sensory nerve, and repair of the lacerations. At the hospital, plaintiff was also screened for the presence of drugs or alcohol. Apparently, this drug screen was performed for Central Louisiana Electric Company (CLECO), for whom Asplundh was performing the tree trimming job. The results of the drug screen revealed the presence of marijuana metabolites, the active ingredient in marijuana, at a level of 345 nanograms per milliliter.
After conducting an investigation into the accident, Asplundh declined to pay worker's compensation benefits to Starnes. Asplundh based its refusal on the defenses that Starnes was intoxicated at the time of the accident and that Starnes had deliberately failed to use adequate safeguards or protection against the accident, in that he was not using a rope while operating the chain saw and was holding the chain saw with one hand as opposed to two, relieving Asplundh from its compensation obligation pursuant to La.R.S. 23:1081(1)(b) and (c). Thus, Asplundh refused to pay Starnes any medical or weekly compensation benefits.
On March 30, 1993, Starnes filed a disputed claim for compensation (form 1008), seeking compensation benefits and medical expenses, and a hearing in this matter was conducted on September 29, 1993. By judgment dated December 27, 1993, the hearing officer awarded Starnes temporary total disability benefits in the amount of $133.33 per week from February 10, 1993, and continuing weekly thereafter. The hearing officer further found that Asplundh was not arbitrary and capricious in denying the claim and that accordingly, Starnes was not entitled to penalties, interest or attorney's fees.
Although it is unclear at whose initiative subsequent judgments were rendered, the hearing officer signed two amended judgments, one dated December 27, 1993, and one dated January 13, 1994. The amended judgments are identical, yet differ substantially from the original judgment in that the hearing officer granted an additional award in favor of Starnes by ordering Asplundh to pay outstanding medical expenses in the amount of $19,342.92, amounts incurred for continuing medical treatment by Dr. Christopher D. Fox, and mileage expenses already accrued and continuing. Both Starnes and Asplundh appealed, setting forth numerous assignments of error. *1245 Asplundh contends in its seven assignments of error that the hearing officer erred in:
(1) not granting Asplundh's motion for involuntary dismissal of Starnes' claim for payment of the Slidell Memorial Hospital bill when Starnes presented no evidence concerning the bill at the close of his case;
(2) allowing the introduction of non-competent medical evidence, over objection, to prove the Slidell Memorial Hospital bill;
(3) ordering Asplundh to pay the Slidell Memorial Hospital bill of $19,342.92, as opposed to only those amounts of the bill that were consistent with the Louisiana worker's compensation reimbursement schedule;
(4) not allowing the use of the drug test results, when the evidence established that Asplundh had a written and promulgated drug test policy and that Starnes knew of the policy prior to the accident;
(5) awarding Starnes temporary total disability benefits when Starnes testified that he had worked and earned wages since the accident;
(6) awarding mileage expenses when no evidence of these expenses was introduced at trial; and
(7) finding that Starnes did not deliberately fail to use adequate guard or protection against the accident provided for him by Asplundh.
Starnes also appealed, contending the hearing officer erred:
(1) in failing to award legal interest from the date due on all amounts awarded to Starnes;
(2) in failing to award medical expenses, continuing medical treatment and mileage expenses already accrued and continuing, although the reasons for judgment contained language making such an award;
(3) in failing to find Asplundh's conduct of refusing to pay weekly benefits, medical treatment and mileage reimbursement to be arbitrary and capricious and in failing to award penalties and attorney's fees; and
(4) in amending the original judgment dated December 27, 1993, to alter the substance of that judgment.

VALIDITY AND LEGAL EFFECT OF THE AMENDED JUDGMENTS

(Starnes' Assignment of Error Number 4)
In his fourth assignment of error, Starnes contends that the hearing officer's rendering of an amended judgment was improper, because the ex parte amendment altered the substance of the original December 27, 1993 judgment. Starnes further contends that because Asplundh appealed from the January 13, 1994 amended judgment only, Asplundh's suspensive appeal is invalid and should be dismissed.
The record before us contains three judgments: the December 27, 1993 original judgment; the amended judgment dated December 27, 1993, which added an award to plaintiff for past and future medical expenses and mileage; and the amended judgment dated January 13, 1994, which contains the exact provisions of the December 27, 1993 amended judgment. Asplundh appealed only the January 13, 1994 amended judgment, and Starnes appealed the two judgments dated December 27, 1993 and the judgment dated January 13, 1994.
As a reviewing court, we are obligated to recognize our lack of jurisdiction if it exists. Accordingly, we must first address the validity and legal effect, if any, of the amended judgments, as a decision on this issue may affect our jurisdiction to entertain Asplundh's appeal from the January 13, 1994 amended judgment, as well as Starnes' appeal, to the extent his appeal is directed to the amended judgments.
Pursuant to La.Code Civ.P. art. 1951, a final judgment may be amended by the trial court at any time on its own motion or pursuant to the motion of any party to alter the phraseology, but not the substance, of a judgment; or to correct errors in calculation. Mariner's Village Master Association, Inc. v. Continental Properties, 93-1530, p. 6 (La. App. 1 Cir. 5/20/94); 639 So.2d 1188, 1191; Preston Oil Company v. Transcontinental *1246 Gas Pipe Line Corporation, 594 So.2d 908, 911 (La.App. 1st Cir.1991); Creel v. Bogalusa Community Medical Center, 580 So.2d 551, 552 (La.App. 1st Cir.), writ denied, 585 So.2d 567 (La.1991). Thus, under Article 1951, a judgment may be amended where the amendment takes nothing from or adds nothing to the original judgment. Where an amendment to a judgment adds to, subtracts from, or in any way affects the substance of the judgment, such judgment may not be amended under La.Code Civ.P. art. 1951. Mariner's Village Master Association, Inc., 639 So.2d at 1191-1192; Preston Oil Company, 594 So.2d at 911.
Article 1951 does not authorize the amendment of a final judgment to conform with the trial court's reasons for judgment where the amendment would make substantive changes to the original judgment. Indeed, the trial court's written judgment is controlling even though the trial court may have intended otherwise. Gulfco Investment Group, Inc. v. Jones, 577 So.2d 775, 777 (La.App. 2nd Cir.1991).
The proper vehicle for a substantive change in a judgment is a timely motion for a new trial or a timely appeal. Labove v. Theriot, 597 So.2d 1007, 1010 (La.1992); Preston Oil Company, 594 So.2d at 911. The Louisiana Supreme Court has also recognized that, on its own motion and with the consent of the parties, the trial court may amend a judgment substantively. Villaume v. Villaume, 363 So.2d 448, 451 (La.1978); Labove, 597 So.2d at 1010. An amended judgment rendered without recourse to the above procedures is an absolute nullity. Labove, 597 So.2d at 1010; Terry v. Terry, 612 So.2d 808, 809-810 (La.App. 1st Cir.1992); Jones v. Gillen, 564 So.2d 1274, 1280 (La. App. 5th Cir.), writs denied, 568 So.2d 1080, 1081 (La.1990).
In the instant case, the changes made by the hearing officer in the two amended judgments, which included an award for medical expenses in the amount of $19,342.92, expenses for continuing medical treatment, and mileage reimbursement expenses, constitute substantive changes of a final judgment. However, no timely motion for new trial was filed,[2] nor does the record show that both parties consented to the changes.[3] Since the substantive changes were not made pursuant to a timely motion for new trial, by consent of the parties, or by a timely appeal, the subsequent amending judgments are without legal effect. Labove, 597 So.2d at 1011; Jones, 564 So.2d at 1280.
It is undisputed that Asplundh did not appeal the original judgment of December 27, 1993. Instead, Asplundh appealed only the third judgment, signed January 13, 1994. A motion for appeal from an invalid judgment is considered untimely, and we lack jurisdiction to hear an untimely appeal. Jones, 564 So.2d at 1280. As a consequence, we lack jurisdiction to entertain Asplundh's appeal of the January 13, 1994 judgment, because it was an appeal from an invalid judgment and is, thus, untimely. Moreover, Starnes' appeal, while timely, can be maintained only as the appeal seeks review of the original judgment of December 27, 1993.
This assignment of error has merit.

MEDICAL AND MILEAGE EXPENSES

(Starnes' Assignment of Error Number 2)
In this assignment of error, Starnes contends that the hearing officer erred in failing to include an award in the original judgment for past and future medical and mileage expenses.
An injured employee is entitled to payment of necessary medical expenses once the employee has established that he *1247 sustained a work-related accident causing personal injury. La.R.S. 23:1203 A; Tanner v. International Maintenance Corporation, 602 So.2d 1133, 1138 (La.App. 1st Cir.1992). Additionally, La.R.S. 23:1203 C provides that the employer shall be liable for the expenses "reasonably and necessarily" incurred for mileage traveled by the employee to obtain medical services. Lee v. East Baton Rouge Parish School Board, 623 So.2d 150, 158 (La.App. 1st Cir.), writ denied, 627 So.2d 658 (La.1993).
In the instant case, the parties stipulated that Starnes was injured during the course and scope of his employment with Asplundh. Therefore, he is entitled to payment of necessary medical expenses and related mileage expenses.
Starnes was initially treated at Slidell Memorial Hospital, where he underwent surgery performed by Dr. Christopher Fox, a board certified orthopedic surgeon. Starnes was discharged from the hospital the next day, and was subsequently treated by Dr. Fox on four occasions, through March 31, 1993, at Dr. Fox's clinic, Shoreline Orthopaedics. As of the March 31, 1993 visit, Dr. Fox opined that Starnes still needed future medical treatment, and he prescribed physical therapy. However, on April 1, 1993, Dr. Fox's office personnel was informed that Starnes' claim was in dispute, and Dr. Fox provided no further treatment to Starnes thereafter.
The medical expenses incurred by Starnes as a result of this treatment totalled $10,034.92 for Slidell Memorial Hospital and $9,308.00 for Shoreline Orthopaedics (Dr. Fox). Regarding mileage expenses for the four visits to Shoreline Orthopaedics, Starnes testified that a trip to Dr. Fox's office totalled 140 miles round trip. It was stipulated at trial that Asplundh has not paid any medical expenses.
We find that these expenses represent reasonably necessary medical treatment for which Asplundh is liable. Clearly, the hearing officer also believed Asplundh was liable for these expenses. In written reasons for judgment, the hearing officer stated as follows: "Defendants will be ordered to pay the outstanding medical expenses in the amount of $19,342.92 ... and for mileage expenses already accrued...." The hearing officer's failure to include such a provision in the original judgment was apparently an oversight. Starnes is entitled to recover these expenses, and the original judgment is amended accordingly.
Regarding Starnes' contention that the hearing officer erred in failing to award continuing medical treatment by Dr. Fox and related mileage expenses, the settled rule is that a worker's compensation plaintiff is not entitled to an award for future medical expenses. However, the right to claim such expenses is always reserved to him, even though the employer's liability for them arises only when they are incurred. La.R.S. 23:1203; Lester v. Southern Casualty Insurance Company, 466 So.2d 25, 27 (La.1985); Durand v. National Tea Company, 607 So.2d 573, 576 (La.App. 1st Cir.1992), writ denied, 612 So.2d 101 (La.1993). Thus, while we recognize Starnes' right to claim such expenses in the future, we decline to make a specific award for the expenses at this time.

PENALTIES AND ATTORNEY'S FEES

(Starnes' Assignment of Error Number 3)
Starnes contends that the hearing officer erred in finding that Asplundh's conduct in refusing to pay compensation and medical benefits was not arbitrary and capricious and, consequently, in failing to award penalties and attorney's fees.
The employer or insurer is liable for statutory penalties for withholding benefits without evidence to "reasonably controvert" the employee's right to compensation and medical benefits. La.R.S. 23:1201(E). Additionally, attorney's fees are recoverable if the employer or insurer acted arbitrarily, capriciously or without probable cause in refusing to pay or terminating benefits. La. R.S. 23:1201.2. Whether the refusal to pay benefits warrants the imposition of penalties and attorney's fees is a factual question which will not be disturbed on appeal in the absence of manifest error. Pitcher v. Hydro-Kem Services, Inc., 551 So.2d 736, 740 *1248 (La.App. 1st Cir.), writ denied, 553 So.2d 466 (La.1989).
After investigating Starnes' accident, Asplundh determined that he was not entitled to compensation. Asplundh based its denial of benefits on the defenses of intoxication and failure of the employee to use adequate guard or protection provided for the employee. See La.R.S. 23:1081(1)(b) and (c).
As stated above, the results of a drug screen administered when Starnes arrived at Slidell Memorial Hospital were positive for marijuana metabolites. Asplundh's investigation also revealed that Starnes had not roped off the limb he was cutting at the time of the accident, and John Peters, the only eye-witness to the accident, reported that Starnes was operating his chain saw with only one hand. Asplundh considered Starnes' actions to be in direct contravention of safety procedures taught and demonstrated at weekly safety meetings. Thus, Asplundh acted upon a good faith belief that it had valid defenses to Starnes' compensation claim.
Although the hearing officer determined (1) that Asplundh could not rely on the drug screen results and, thus, had failed to prove the intoxication defense and (2) that Asplundh failed to prove that Starnes' actions constituted deliberate failure to use adequate guard, the hearing officer also found as follows:
Bearing all of the testimony in mind, going over all the evidence, and although the defendants came to a wrong conclusion in denying benefits and medical expenses to claimant, it has not been shown that they acted arbitrarily or capriciously or without probable cause in making their decision not to pay claimant his benefits and medical expenses.
Considering the record before us, we find no manifest error in this determination. This assignment of error lacks merit.

LEGAL INTEREST

(Starnes' Assignment of Error Number 1)
Starnes contends that the hearing officer erred in failing to award legal interest on the amounts awarded to him. We agree. With regard to interest, the December 27, 1993 judgment states:
IT IS FURTHER ORDERED, AJUDGED, AND DECREED that defendants were not arbitrary and capacious [sic] and that there are no penalties, interests [sic], and attorney's fees due.
It is clear from the above provision that the hearing officer committed legal error in conditioning an award of interest on a finding of arbitrary and capricious conduct of the employer. Accordingly, the portion of the original December 27, 1993 judgment denying interest is reversed.
In Hammons v. ABB C-E Services, Inc., 94-2444, pp. 7-8 (La.App. 1st Cir. 10/6/95); 671 So.2d 370, 375, an en banc decision handed down on this day, we held that La.R.S. 23:1201.3(A) replaces the jurisprudential rule that pre-judgment interest on worker's compensation benefits is owed from the dates the benefits are due until paid. In Hammons, we held that pursuant to La.R.S. 23:1201(A), interest on "compensation awarded" and deemed due as of the date of the hearing officer's judgment runs from the date of the hearing officer's judgment, and interest on future payments of compensation "directed to be made by order of the hearing officer" (i.e., benefits due after the date of the hearing officer's judgment) runs from the respective dates the benefits become due, until paid. Hammons, 94-2444, p. 8, 671 So.2d at 375.
With regard to interest due on medical expenses awarded, where medical bills and expenses claimed were due and payable prior to the time the claim was filed, the employee is entitled to legal interest thereon from date of judicial demand until paid. Chisholm v. L.S. Womack, Inc., 424 So.2d 1138, 1143 (La.App. 1st Cir.1982).
This assignment of error has merit, and accordingly, interest is awarded in accordance with the foregoing precepts.

CONCLUSION
For the above and foregoing reasons, the December 27, 1993 amended judgment and *1249 the January 13, 1994 amended judgment are vacated. The original December 27, 1993 judgment is reversed insofar as it denied interest on the sums awarded and is further amended to add the following provisions:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Asplundh Tree Expert Company pay plaintiff's outstanding medical expenses, consisting of the $10,034.92 bill of Slidell Memorial Hospital and the $9,308.00 bill of Shoreline Orthopaedics, and all mileage expenses incurred by plaintiff in connection with his medical treatment, together with legal interest on said sums from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff's right to claim future medical expenses reasonably related to the accident of February 10, 1993 is reserved to him pursuant to the Worker's Compensation Act.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Asplundh pay legal interest on all temporary total disability benefits which had accrued as of December 27, 1993, said interest commencing from December 27, 1993, the date ordered paid by the hearing officer, until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Asplundh pay legal interest on all temporary total disability benefits due after the original December 27, 1993 judgment commencing on the date each respective payment became due, and continuing to accrue thereafter, until the date of satisfaction.
In all other respects, the original December 27, 1993 judgment is affirmed. Costs of this appeal are assessed against defendant, Asplundh Tree Expert Company.
AMENDED JUDGMENTS OF DECEMBER 27, 1993 AND JANUARY 13, 1994 VACATED. ORIGINAL JUDGMENT OF DECEMBER 27, 1993 AFFIRMED IN PART; REVERSED IN PART; AMENDED IN PART; AND RENDERED.
WHIPPLE, J., dissents for reasons assigned.
REDMANN, J., Pro Tem., dissents in part with reasons.
CARTER, J., concurs in part and dissents with reasons.
PARRO, J., dissents with respect to the award of legal interest on the past-due compensation benefits from the date of the hearing officer's judgment (as opposed to the date each payment was due).
WHIPPLE, Judge, dissenting.
For the reasons set forth in my dissent in William Daniel Hammons v. ABB C-E Services, Inc., et al, 94-2444 (La.App. 1st Cir. 10/6/95), 671 So.2d 370 I respectfully dissent on the interest issue.
REDMANN, Judge Pro Tem., dissenting in part.
For the reasons assigned in my part-dissent in Hammons, I dissent from the denial of pre-judgment interest on the past due compensation installments. I also note doubt that the second December 27 judgment was invalid; but that does not affect the outcome of the appeal.
CARTER, Judge, concurring in part and dissenting in part.
I agree with the majority opinion in all respects, except that part of the opinion which orders Asplundh to pay legal interest on all temporary total disability benefits which had accrued as of December 27, 1993, commencing December 27, 1993, (the date of the order of the hearing officer). I believe that Hammons v. ABB C-E Services, Inc., 94-2444, pp. 7-8 (La.App. 1st Cir. 10/6/95); 671 So.2d 370, 375 is in error in this regard and that the majority opinion in the instant case repeats the error. Interest on workers' compensation benefits should be owed from the dates benefits are due for both benefits accruing pre-hearing-officer judgment, as well as benefits accruing post-hearing-officer judgment. I agree with Judges Whipple's and Redmann's concurring in part and dissenting in part opinions in Hammons, supra.
Judge Redmann stated, and I agree:

*1250 In my opinion, "the date ordered paid by the hearing officer" should mean the same thing as to both due and undue installments, and should mean not the date of the hearing officer's decision but the date, as to each installment, when (as the hearing officer's decision specifies) it was, or is to become, due. That interpretation is consistent with the historical practice of interest from the dates, fixed by the court, on which each installment was or is to be due; and it is consistent with the title of Acts 1988 No. 938, which enacted § 1201.3(A). See La. Const. art. 3 § 15(A). (footnote omitted.)
As Judge Whipple pointed out, the majority resolution of this issue can only reward the late paying employer or insurer at the expense of the injured employee. It is regrettable that the majority repeats the error of Hammons, supra.
NOTES
[1] Judge William V. Redmann and Judge Thomas W. Tanner, retired, are serving as judges pro tempore by special appointment of the Louisiana Supreme Court.
[2] At the time of these proceedings before the hearing officer. Officer of Worker's Compensation Hearing Officer Rule § 2155 precluded consideration of a motion for new trial. By La. Act. No. 348 of 1995, addressing hearings and appellate procedure, the legislature incorporated this rule by enacting LSA-R.S. 23:1310.5(B), which expressly states that "[m]otions for new trial shall not be entertained in disputes filed under this Chapter."
[3] Indeed, the record supports the conclusion that Asplundh did not agree to the subsequent amendments inasmuch as Asplundh filed a "POST-TRIAL MOTION TO ANNUL JUDGMENT."