McDonald, j.
|2Panny W. Jones was working as a supervisor at Texas Industries on August 10, 2006 when he was injured lifting an outboard motor. Starting in September 2006, Mr. Jones was treated by Dr. John Logan, an orthopedic surgeon, for the injury to his lower back. He was treated with medication, steroid injections, and physical therapy. He continued to work with limitations.
The portion of Texas Industries that Mr. Jones worked for was purchased by La-farge North America, Inc. and Mr. Jones continued working at the same job for Lafarge North America. Texas Industries continued to pay for the medical treatment for Mr. Jones’ lower back injury. On April 1, 2009, Mr. Jones saw Dr. Logan, who maintained a conservative treatment plan. Mr. Jones was not interested in surgical options at that time, but he was getting less relief from the conservative measures. Mr. Jones was scheduled to see Dr. Logan for a follow-up visit on April 24, 2009, in part to discuss surgical options.
However, on April 23, 2009, Mr. Jones was working at Lafarge North America when he fell approximately four feet onto a conveyor belt, then into a handrail, losing consciousness. He injured his neck and middle back and aggravated his lower back injury. Lafarge North America paid for the treatment to Mr. Jones’s neck and middle back.
Thereafter, in August 2009, Dr. Logan recommended a two-level lumbar fusion to the lower back. However, Mr. Jones had a heart attack that month and was unable to pursue the surgery for six months. After Mr. Jones had recovered from his heart attack, several requests were made for the lower back surgery but they were denied by the workers’ compensation carriers. Mr. Jones filed separate disputed claims for compensation against Texas Industries and Lafarge North America, asserting that Dr. Logan had recommended surgery and the workers’ compensation carriers had refused to approve it. These disputed claims were ] ^consolidated for trial.
After a trial, the workers’ compensation judge found that the second accident aggravated the lower back injury from the first accident, which necessitated surgery to prevent permanent nerve damage. The workers’ compensation judge ruled that the defendants were liable in solido for the cost of the lower back surgery, plus all reasonable and necessary medical expenses related to that surgery and recovery; that the defendants were each liable for $1,000.00 in penalties and each liable for $2,500.00 in attorney fees; and defendants were assessed, in solido, with the costs of the proceedings.
Both defendants appealed the judgment, maintaining that the workers’ compensation judge erred in the assessment of fault. Texas Industries asserts that the lower back injury was caused entirely by the second accident at Lafarge North America, thus, it should not be held liable for any of the surgery and recovery expenses, which should be borne solely by Lafarge North *583 America. Texas Industries also maintains that it was error for the workers’ compensation judge to order the defendants to pay for future medical expenses before they were incurred, and that the workers’ compensation judge erred in assessing costs to the parties in solido, absent any evidence of such costs. Lafarge North America asserts that the lower back injury was caused entirely by the first accident; thus, it should not be held liable for any of the surgery and recovery expenses, which should be borne solely by Texas Industries.
After a thorough review, we find no manifest error by the workers’ compensation judge in assessing the defendants in solido for the costs of the lower back surgery and recovery. The record shows that Mr. Jones injured his lower back in the first accident at Texas Industries, that the conservative treatment was no longer working as effectively as before, that he had discussed surgical options with his doctor, and that the second accident at Lafarge North America aggravated his |4lower back injury.
In regard to Texas Industries’ contention that the judgment included future medical expenses, we note that the judgment provided for “all reasonable and necessary medical expenses related to that surgery and recovery.” This is not an award of a specific amount for future medical expenses but rather an acknowledgment that Mr. Jones was entitled to future medical treatment related to the surgery and recovery.
An employer is obligated to furnish all necessary medical expenses related to a work injury. La. R.S. 23:1203. A claimant many recover medical expenses that are reasonably necessary for treatment of a medical condition caused by a work-related injury. Under La. R.S. 23:1203, liability for medical expenses arises only as those expenses are incurred. A worker’s compensation plaintiff is not entitled to an award for future medical expenses. However, the right to claim such expenses is always reserved to him. Starnes v. Asplundh Tree Expert, Co., 94-1647, (La.App. 1 Cir. 10/6/95), 670 So.2d 1242, 1247. We find no manifest error in the acknowledgment that Mr. Jones was entitled to the future medical treatment related to the surgery and recovery as provided by La. R.S. 23:1203.
With regard to costs, we note that the judgment assessed the defendants, in soli-do, for “all costs of these proceedings.” Louisiana Code of Civil Procedure article 1920 provides that except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. We find no manifest error or abuse of discretion in the assessment of costs against the defendants in solido by the Workers’ Compensation Judge.
For the foregoing reasons, the judgment of the Office of Workers’ Compensation is affirmed. Costs of the appeal are assessed one-half against Texas Industries and one-half against Lafarge North America, Inc.
AFFIRMED.
McCLENDON, J., concurs in part and dissents in part and assigns reasons.