STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 CA 0672


LOUISIANA WORKERS' COMPENSATION CORPORATION

VERSUS

LOUISIANA WORKERS' COMPENSATION SECOND INJURY BOARD


Decision Rendered: ___**JAN 1 0 2020**

* * * * * * *


ON APPEAL FROM
THE 19th JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH, LOUISIANA
DOCKET NUMBER 651,033, DIVISION "D"

HONORABLE JANICE CLARK, JUDGE


* * * * * * *


| | |
|---|---|
| Jeff Landry<br>Attorney General<br>Karl L. Scott<br>Shane Veade<br>Claudia I. Rush<br>Baton Rouge, Louisiana | Attorneys for Defendant/Appellant<br>Louisiana Workers' Compensation<br>Second Injury Board |
| Paul-Michael Fryday<br>Baton Rouge, Louisiana | Attorney for Plaintiff/Appellee<br>Louisiana Workers' Compensation<br>Corporation |


BEFORE:  McDONALD, THERIOT, and CHUTZ, JJ.

**McDONALD, J.**

In this appeal, the Louisiana Workers' Compensation Second Injury Board (Board) challenges a judgment ordering it to grant the Louisiana Workers' Compensation Corporation (LWCC) authority to settle an injured employee's workers' compensation claim in a certain monetary amount. We affirm.

### FACTUAL AND PROCEDURAL HISTORY

In 1999, Andre F. Baudoin suffered a work-related injury while employed by Canterbury Associates. LWCC, Canterbury's workers' compensation insurer, began paying benefits to Mr. Baudoin. In 2000, LWCC filed a claim with the Board for reimbursement of benefits it had paid and would pay to Mr. Baudoin. In 2001, the Board approved LWCC's claim and specifically notified LWCC that, in the event of a future settlement of Mr. Baudoin's claim, the Board reserved the right to reimburse LWCC "on a lump sum, quarterly[,] or semi-annual basis ... ."[1]

In July 2016, LWCC requested that the Board approve a proposed lump sum settlement to Mr. Baudoin in the amount of $256,663.90. After reviewing LWCC's request, the Board refused to approve the settlement, stating the file material LWCC submitted did not support its request. The Board informed LWCC that it would pay the claim as an "**ongoing** claim." LWCC then filed a petition in the 19th Judicial District Court appealing the Board's denial of its lump sum settlement. The Board answered the appeal, the matter was set for trial, and the parties filed briefs with the district court.

A bench trial was held on June 13, 2017, at which time the district court took the matter under advisement. On February 19, 2019, the district court issued the following "ruling":

> The Court has previously reviewed the documentary evidence introduced in this matter together with the argument of counsel and the law there unto. After careful review, the court is of the opinion that plaintiff provided by defendant, LWCC, in support of its settlement authority request was sufficient and preponderates in its favor. [sic] The defendant's denial without any specific explanation or reason was unreasonable. Accordingly, the court hereby grants judgment as prayed

---

[1] It is undisputed that LWCC qualified for reimbursement from the Board under La. R.S. 23:1378.

for by petitioner in the amount of $256,663.90. Judgment to be signed accordingly upon presentation after filing with the clerk and circulation among counsel. Notify counsel.

On April 9, 2019, the district court signed a judgment stating:

**IT IS ORDERED, ADJUDGED, AND DECREED** that the [Board] shall grant settlement authority to [LWCC] in the amount of [$256,663.90] concerning the Second Injury Fund accepted workers' compensation claim of Andre F. Baudoin resulting from his work-related accident which occurred on … July 9, 1999 … .

The Board appeals the judgment, claiming the district court erred in finding that: (1) LWCC had settlement authority, and (2) LWCC could demand that the Board reimburse it by lump sum, rather than by periodic payments.

## DISCUSSION

On appeal, the Board does not dispute the $256,663.90 settlement amount that LWCC proposes for Mr. Baudoin's claim. Rather, the Board objects to the district court's order requiring that it give LWCC settlement authority and interprets the district court's judgment as requiring that it reimburse LWCC for the settlement amount in a lump sum, rather than periodically. In opposition, LWCC contends the judgment simply orders the Board to give LWCC settlement authority for the amount sought, and does not order *how* the Board must reimburse LWCC for the settlement, i.e., in a lump sum or through periodic payments.

Under La. R.S. 23:1271-74, if the Office of Workers' Compensation approves a lump sum settlement, an insurer may settle an employee's workers' compensation claim for a lump sum payment, in exchange for a full and final discharge and release of the insurer. La. R.S. 23:1271A. However, for an accident occurring on or after October 1, 1995, as is the case here, the insurer must obtain written approval from the Board of any lump sum payment or compromise settlement of an approved claim *before* submitting the lump sum settlement for approval to a workers' compensation judge under La. R.S. 23:1271-74. La. R.S. 23:1378A(6)(a)(i). If the Board issues a written denial of the lump sum settlement, the insurer may appeal the denial to the 19th Judicial District Court, where the appeal shall be tried de novo. La. R.S. 23:1378A(6)(d) and E.

3

Under the above statutory scheme, the district court gives de novo consideration to the Board's denial of a lump sum settlement and has the power to order the Board to approve a lump sum settlement. La. R.S. 23:1378E. In this case, although the district court's judgment orders the Board to grant LWCC "settlement authority" of the Baudoin claim for $256,663.90, the judgment does not specifically order the Board to reimburse LWCC in a lump sum. Thus, regardless of what the district court may have intended when it signed the judgment, the judgment does not order the Board to reimburse LWCC in a lump sum; thus, LWCC cannot seek approval of a lump sum settlement of the Baudoin claim from the Office of Workers' Compensation under La. R.S. 23:1271-74. A district court's written judgment controls even though the district court may have intended otherwise. *Starnes v. Asplundh Tree Expert Co.*, 94-1647 (La. App. 1 Cir. 10/6/95), 670 So.2d 1242, 1246.

## CONCLUSION

We affirm the district court's judgment insofar as it ordered the Louisiana Workers' Compensation Second Injury Board to grant the Louisiana Workers' Compensation Corporation settlement authority of the Baudoin claim for $256,663.90. Our affirmance of the judgment does not require that the Louisiana Workers' Compensation Second Injury Board reimburse any such future settlement in a particular manner. We assess costs of this appeal in the amount of $610.50 equally between the parties, such that each party is assessed $305.25.

**AFFIRMED.**

4