878 So.2d 552 (2004)
Leonard McGEE
v.
Warden Tim WILKINSON, Winn Correctional Center, State of Louisiana and the Louisiana State Parole Board.
No. 2003 CA 1178.
Court of Appeal of Louisiana, First Circuit.
April 2, 2004.
*553 Leonard McGee, Winnfield, Plaintiff/Appellee In Proper Person.
Robert B. Barbor, Baton Rouge, Counsel for Defendant/Appellant Louisiana Parole Board.
Terry Boudreaux, Gretna, Counsel for Defendant/Appellant Tim Wilkinson.
Before: FOIL, FITZSIMMONS, and GAIDRY, JJ.
GAIDRY, J.
In this case, defendants appeal a trial court judgment which purports to amend a previous judgment to clarify the trial judge's intentions. For the following reasons, we annul and set aside the amended judgment and reinstate the original judgment.

DISCUSSION
Inmate Leonard McGee was placed on parole supervision by the Louisiana Board of Parole on December 20, 2000. After determining that he had violated certain provisions of his parole, the Parole Board decided to revoke his parole on June 18, 2001. McGee was returned to the custody of the Department of Public Safety and Corrections to serve the balance of his sentence owed at the time of his release on parole.
McGee filed an application for a writ of habeas corpus in the 19th Judicial District Court, challenging the validity of the parole *554 revocation. After a hearing before a commissioner, the commissioner recommended that the parole revocation be reversed and that the matter be remanded back to the Parole Board to conduct another hearing because the Parole Revocation Form did not state the Parole Board's findings on the specific charges and because McGee was unable to call his parole officer at the final revocation hearing to clarify the issue of whether he had permission to change his residence.
Judge Janice Clark did not follow the commissioner's recommendation that she remand the matter so that the Parole Board could conduct another hearing. Instead, in a November 1, 2002 judgment, Judge Clark simply reversed the Parole Board's decision revoking McGee's parole. No appeal was taken from this judgment.
On January 27, 2003, Judge Janice Clark amended the November 1, 2002 judgment to clarify her prior judgment. The January 27, 2003 judgment stated:
[T]he judgment did not specify whether the remedy was release or another revocation hearing, and in order to clarify this Court's ruling, the previous Judgment dated November 1, 2002 is hereby amended to include the following, as if made a part thereof originally:
IT IS HEREBY ORDERED that the Petitioner, Leonard McGee be released back on parole supervision, (if his sentence has not been completed as of this date), because of the Board's disregard and/or violation of the Peritonea's (sic) rights in the revocation process.
The Department of Public Safety and Corrections filed this suspensive appeal on February 21, 2003. Although the Department of Public Safety and Corrections appealed the January 27, 2003 judgment, it assigned errors to both the November and January judgments.
Louisiana Code of Civil Procedure article 1951 provides that a final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party to alter the phraseology of the judgment, but not the substance; or to correct errors of calculation. A judgment may be amended by the court where the judgment takes nothing from or adds nothing to the original judgment. However, an amendment to a judgment which adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment. To alter the substance of a judgment, the proper recourse is a timely application for new trial, an action for nullity, or a timely appeal. The Louisiana Supreme Court has also recognized that, on its own motion, and with the consent of the parties, the trial court may amend a judgment substantively. Frisard v. Autin, 98-2637, p. 7 (La.App. 1 Cir. 12/28/99), 747 So.2d 813, 818, writ denied, 00-0126 (La.3/17/00), 756 So.2d 1145.
La. C.C.P. art.1951 does not permit the trial court to substantively alter a final judgment even if the amendment merely expresses the trial judge's actual intention. The trial court's written judgment is controlling, even if the trial judge may have intended otherwise. Stoffer v. Stoffer, 29,458 (La.App. 2 Cir. 5/7/97), 693 So.2d 1229, 1231.
This "clarification" to the earlier judgment is certainly substantive, as it orders the Department of Public Safety and Corrections to release McGee on parole supervision. Further, there is no evidence in the record that the parties consented to this substantive amendment.
It is well settled that when a trial judge signs a judgment and then signs another, the second judgment is an absolute nullity and without legal effect. The *555 usual remedy applied by an appellate court that finds an amendment made of substance in a judgment is to annul and set aside the amending judgment and reinstate the original judgment. Hebert v. Blue's Auto and Truck Parts, 00-2154, p. 5 (La.App. 1 Cir. 12/28/01), 804 So.2d 953, 956, writ denied, 02-0272 (La.3/28/02), 812 So.2d 635. Accordingly, we annul and set aside the second judgment of January 27, 2003 and reinstate the November 1, 2002 judgment.
Since the Department of Public Safety and Corrections did not file a timely appeal of the November 1, 2002 judgment, we will not consider the assignment of error relating to that judgment.

DECREE
For the above reasons, we annul and set aside the January 27, 2003 judgment of the trial court and dismiss defendants appeal as untimely. Costs of this appeal are to be divided equally between the parties.
SECOND JUDGMENT ANNULLED AND SET ASIDE, ORIGINAL JUDGMENT REINSTATED.