# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-768


MARTIN PETITJEAN, III, ET AL.

VERSUS

CITY OF RAYNE, LOUISIANA


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 75483
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**********

## JOHN B. SCOFIELD
## JUDGE

**********

Court composed of Jimmie C. Peters, Michael G. Sullivan, and John B. Scofield, Judges.

**REVERSED AND RENDERED.**


Oscar William Boswell, II
P. O. Box 3207
Lafayette, LA 70502
Counsel for Plaintiffs-Appellants
    Martin Petitjean, II, Martin Petitjean, III, Desiree Sainte Therese
    Petitjean Casey, Yvette Sainte Claire Petitjean, Monique d'Youville
    Petitjean Benoit, Jeanne Marie Petitjean, and Winson J. Petitjean, Jr.

Larry Thomas Richard
601 Clegg St.
Rayne, LA 70578
Counsel for Defendant-Appellee
    City of Rayne, Louisiana

SCOFIELD, Judge.[*]

The Plaintiff-Appellants, Martin Petitjean II, Martin Petitjean III, Desiree Sainte Therese Petitjean Casey, Yvette Sainte Claire Petitjean, Monique d'Youville Petitjean Benoit, Jeanne Marie Petitjean, and Winson J. Petitjean, Jr. (the Petitjeans), appeal the trial court's denial of their motion to enforce a provision in a previous judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2000, the Petitjeans filed a suit against the City of Rayne (the City) seeking to have the City remove certain obstructions and encroachments on their right of passage over City property. As a result of that suit, a stipulated judgment[1] was rendered on August 12, 2002, ordering the City to remove a fence from the right of passage; to "clear and grade the designated right of passage as a full thirty (30) foot passage for its entire length, without any encroachment whatever from any portion of any fence, gate or other obstruction . . . ;" "to provide a fence along the Eastern Boundary of the right of passage"; and preventing the City from interfering with the Petitjeans' private railroad crossing servitude. That judgment became final on October 22, 2002.

In October 2003, the Petitjeans filed a motion to enforce the judgment, alleging that the City had not cleared and graded the passage way nor removed its fence from therefrom. After a hearing, the trial court rendered judgment ordering the City to move the gate located within the thirty foot right of passage but refused to enforce its previous judgment requiring that the right of passage be cleared and graded. The

---

[*] Honorable John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

[1] That the judgment was the result of a stipulation by the parties does not alter its effectiveness. To the contrary, because both parties agreed and stipulated to its terms and provisions, the judgment is arguably less assailable than had it been rendered after a contested trial.

1

court further ordered the costs of the proceedings to be shared between the parties.

In a minute entry, the court further explained its ruling:

> [T]he gate located within the thirty (30) foot passage must be moved by the City of Rayne in order to comply with the above-quoted language. After a physical inspection of the subject property, the Court finds that once the gate has been moved, any grading and/or clearing of the property by the defendant will not be necessary.

The Petitjeans appeal this ruling asserting that the trial court erred in failing to enforce the original judgment as written and in casting them with costs. For the reasons set forth herein, we reverse.

DISCUSSION

The original judgment in this matter was rendered on August 12, 2002. Nothing in the record indicates that a motion for new trial or an appeal was filed. Therefore, according to the record, the judgment became final on October 22, 2002. On October 3, 2003, more than eleven months after the judgment became final, the Petitjeans moved to enforce the judgment. The trial court took that opportunity to nullify a substantive portion of its earlier judgment.

Once the delays for appeal have expired without action, the judgment is final and definitive. *See Costello v. Hardy*, 03-1146 (La. 1/21/04), 864 So.2d 129. Louisiana Civil Code article 1951 provides that:

> A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
>
> > (1) To alter the phraseology of the judgment, *but not the substance*; or
> >
> > (2) To correct errors of calculation.

(Emphasis added.)

A final judgment may only be amended to effect a substantive change via application for new trial, action for nullity, or timely appeal. *State ex rel. Dep't of Soc. Servs. v.*

2

*A.P.*, 02-2372 (La.App. 1 Cir. 6/20/03), 858 So.2d 498.

> La. C.C.P. art.1951 does not permit the trial court to substantively alter a final judgment even if the amendment merely expresses the trial judge's actual intention. The trial court's written judgment is controlling, even if the trial judge may have intended otherwise. *Stoffer v. Stoffer*, 29,458 (La.App. 2 Cir. 5/7/97), 693 So.2d 1229, 1231.

*McGee v. Wilkinson*, 03-1178, p. 4 (La.App. 1 Cir. 4/2/04), 878 So.2d 553, 554.

Improperly made substantive changes to a final judgment are absolutely null. *Posey v. Singletary*, 37,425 (La.App. 2 Cir. 9/24/03), 855 So.2d 853.

In *Gregory v. Interim Personnel of North Louisiana*, 30,808 (La.App. 2 Cir. 8/25/98), 717 So.2d 291, a workers' compensation case, the claimant did not appeal the workers' compensation tribunal's original decision, which then became final. When the claimant moved to enforce the judgment, the workers' compensation judge issued an amended decision granting legal interest on the weekly compensation payments and medical expenses which had been awarded in the original decision. The appellate court found that the second decision providing for legal interest directly affected the rights of the parties and thus constituted a substantive amendment to a final decision, in violation of La.Code Civ.P. art. 1951. The appellate court found that the second decision was void as a matter of law. It then vacated that decision and reinstated the original judgment.

Granted, the trial court did have jurisdiction to "give effect" to its prior judgment. La.Code Civ.P. art. 2088(7). Accordingly, the court was correct in addressing the motion of the Petitjeans to have the City perform as required by the earlier judgment. While the court had jurisdiction to give effect to that judgment, it did not have the authority to substantively change it.

Louisiana.Code of Civil Procedure article 1951 allows a trial court to make post-judgment alterations of phraseology, or to correct errors in calculations. The

court cannot, however, change or alter the substance of the judgment. Here, there can be no doubt that the clearing of the passage way was a substantial, if not pivotal, part of the judgment.

Moreover, there is nothing in the judgment placing any conditions or qualifications on the City's obligation to clear the passage way. The judgment provided the City no escape clause because of any change which might occur in conditions or circumstances. The City's duty to clear the passage way was unconditional.

The time for the court to question the wisdom, scope or propriety of a provision in the judgment was before the judgment was signed, or pursuant to a timely post-judgment motion, not after the judgment became final.

In this case, the trial court changed a significant performance required of the City. This constitutes a material alteration of the substance of the original, final judgment. Therefore, it is void as a matter of law.

Consequently, the judgment of the trial court is reversed. Judgment is rendered ordering the City to comply with the August 12, 2002 judgment as written by clearing and grading "the designated right of passage as a full thirty (30) foot passage for its entire length, without any encroachment whatever from any portion of any fence, gate or other obstruction." Having cast the City in judgment, we further reverse the trial court's ruling as to costs, and order all costs at both the trial and appellate levels be paid by the City.

**REVERSED AND RENDERED.**