ROZEL ENERGY II, LLC
v.
LARRY L. COUPEL AND NATALIE L. COUPEL.
No. 2007 CA 0610.
Court of Appeals of Louisiana, First Circuit.
December 21, 2007.
NOT DESIGNATED FOR PUBLICATION.
CHRISTOPHER B. BAILEY, SAMUEL E. MASUR, Attorneys for Plaintiff-Appellee, Rozel Energy II, LLC.
MALCOLM DUGAS, JR., and, CHRISTOPHER H. RIVIERE, ERIC L. TROSCLAIR, Attorneys for Defendants-Appellants, Larry L. Coupel and Natalie L. Coupel.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
PETTIGREW, J.
In this case, plaintiff, Rozel Energy II, LLC ("Rozel"), sought injunctive relief against defendants, Larry L. Coupel and Natalie L. Coupel ("the Coupels"), restraining and enjoining the Coupels from interfering with Rozel's use of certain servitudes allegedly granted to Rozel's predecessor-in-title by the Coupels' ancestor-in-title. Specifically, Rozel sought a permanent injunction against the Coupels prohibiting them from interfering with Rozel's use of its rights under certain servitude agreements granted to its predecessor-in-title in 1950 and 1957. In addition, Rozel sought an injunction to prohibit the Coupels from interfering with its use of a road that runs from Louisiana Highway 401 to the Rozel docking facilities on Lake Verett (the "Subject Road"). Following a trial on the merits, the trial court rendered judgment on October 6, 2006, as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the demands of the plaintiff, Rozel Energy II, L.L.C., for a permanent injunction be rejected, at the plaintiffs costs, and the preliminary injunction issued herein on February 14, 2005, be dissolved.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the 1957 Servitude granted to Rozel Energy II, L.L.C.'s ancestor in title, Humble Oil & Refining Company, by the Coupels' ancestor in title, Stanley Aucoin, has not been extinguished by non-use, and Rozel Energy II, L.L.C. retains the right to use said servitude.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants, Larry and Natalie Coupel, are hereby awarded reasonable attorney's fees for services rendered in connection with the dissolution of the preliminary injunction, to be set at a later date on a Rule to Fix Attorney Fees, which shall be filed by the Coupels within fifteen (15) days of the mailing of notice of this judgment, or attorney's fees will be waived.
JUDGMENT RENDERED AND SIGNED in Convent, Louisiana this 6th day of October, 2006.
Thereafter, on October 17, 2006, Rozel filed a "Motion To Amend Judgment Or For New Trial," requesting that the trial court amend the October 6, 2006 judgment to conform to the law and evidence presented at trial. Along with its motion, Rozel filed a "Rule To Show Cause," requesting that the matter be set for hearing. In addition, Rozel submitted an "Amended Judgment." On October 24, 2006, the trial court struck through the language on the "Rule To Show Cause" that would have set the matter for hearing and instead altered the language so as to read as follows: "IT IS ORDERED that [Rozel's] MOTION FOR A NEW TRIAL IS GRANTED." On October 24, 2006, the trial court also signed the "Amended Judgment," which provides as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the demands of the plaintiff, Rozel Energy II, LLC, for a permanent injunction be partially rejected, at the plaintiffs costs, and the preliminary injunction issued herein on February 14, 2005, be partially dissolved as to the +/-200' Section of the Subject Road not covered by the 1950 or 1957 servitude;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the preliminary injunction of Rozel Energy II, LLC issued herein on February 14, 2005 be made permanent in part, and that Larry L. Coupel and Natalie L. Coupel and on their beneficiaries, agents, successors and/or assigns be prohibited from interfering, in any way, with Rozel Energy II, LLC's, or its beneficiaries, agents, permittees, successors, and assign's use of the 1950 and 1957 servitudes or from interfering with Rozel's use of any part of the Subject Road situated off the Coupel Tract or off of the +/-200 Section of the Subject Road not covered by the 1950 or 1957 Servitudes;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the 1957 Servitude granted to Rozel Energy II, LLC's ancestor in title, Humble Oil & Refining Company, by the Coupels' ancestor in title, Stanley Aucoin, has not been extinguished by non-use, and Rozel Energy II, LLC retains the right to use said servitude.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants, Larry and Natalie Coupe!, are hereby awarded reasonable attorney's fees for services rendered in connection with the partial dissolution of the preliminary injunction, to be set at a later date on a Rule to Fix Attorney Fees, which shall be filed by the Coupels within fifteen (15) days of the mailing of notice of this judgment, or attorney's fees will be waived.
JUDGMENT RENDERED AND SIGNED in Convent, Louisiana this 24th day of October, 2006.
It is from this judgment that the Coupels have appealed, raising the following issues for our review: (1) whether the 1957 servitude was extinguished and/or prescribed by ten years of non-use; (2) whether the amended judgment is improper because substantive changes were made to the original judgment without any notice to the Coupels, without a hearing, and/or without a new trial; (3) whether the Coupels should be awarded trespass damages.
Louisiana Code of Civil Procedure article 1951 provides that a final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party to alter the phraseology of the judgment, but not the substance; or to correct errors of calculation. Article 1951 does not, however, permit the trial court to substantively alter a final judgment even if the amendment merely expresses the trial court's actual intention. Indeed, the trial court's written judgment is controlling even though the trial court may have intended otherwise. Starnes v. Asplundh Tree Expert Co., 94-1647, p. 5 (La. App. 1 Cir. 10/6/95), 670 So.2d 1242, 1246. Thus, any argument that the trial court attempted by way of the amended judgment to demonstrate his actual intent and thereby alter only the phraseology of the original judgment in keeping with his oral statements is invalid. See Hebert v. Hebert, 351 So.2d 1199, 1200 (La. 1977).
An amendment to a judgment that adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment. To alter the substance of a judgment, the proper recourse is a timely application for new trial, an action for nullity, or a timely appeal. McGee v. Wilkinson, XXXX-XXXX, p. 3 (La. App. 1 Cir. 4/2/04), 878 So.2d 552, 554. Pursuant to La. Code Civ. P. art. 1977, "When a new trial is granted, it shall be assigned for hearing in accordance with the rules and practice of the court." (Emphasis added.)
In the instant case, although Rozel filed a "Motion To Amend Judgment Or For New Trial," the trial court opted to grant the motion for new trial ex parte. However, rather than setting the matter for a contradictory hearing, as is required by Article 1977, and allowing the Coupels an opportunity to defend their position on the motion, the trial court signed the amended judgment on October 24, 2006. It is clear from a reading of the two judgments in question that the changes made to the original October 6, 2006 judgment were not merely changes in phraseology but rather substantive changes. When a trial court substantively amends a judgment without recourse to the proper procedure, the amended judgment is an absolute nullity. Frisard v. Autin, 98-2637, p. 8 (La. App. 1 Cir. 12/28/99), 747 So.2d 813, 819, writ denied, XXXX-XXXX (La. 3/17/00), 756 So.2d 1145. Based on our thorough review of the record before us, we find it was legal error for the trial court to grant Rozel's new trial and not set the matter for hearing.
For the above and foregoing reasons, we vacate and set aside the amended judgment rendered by the trial court on October 24, 2006, and remand the matter for a contradictory hearing on the motion for new trial pursuant to Article 1977. In so doing, we pretermit consideration of the remaining issues raised by the Coupels on appeal. All costs associated with this appeal are assessed against Rozel. We issue this memorandum opinion in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.1B.
OCTOBER 24, 2006 JUDGMENT VACATED AND SET ASIDE; REMANDED FOR HEARING ON MOTION FOR NEW TRIAL.