McClendon, j.
|aThe Department of Health and Hospitals (DHH) seeks review of two judgments that granted appellee’s request for injunc-tive relief, both of which were rendered after the trial court had signed a prior judgment denying appellee’s request. For the following reasons, we dismiss the appeal for lack of jurisdiction.
FACTS AND PROCEDURAL HISTORY
By correspondence dated May 14, 2012, DHH notified Midtown Medical, LLC (Midtown) that it was seeking monetary recoupment for alleged Medicaid overpay-ments and a monetary penalty and that it would seek to exclude Midtown from the Medicaid Program. By separate correspondence, also dated May 14, 2012, DHH additionally notified Midtown of its intention to immediately terminate Midtown’s Medicaid provider agreement.
*1095 On June 7, 2012, Midtown filed a Verified Petition for Injunctive Relief and Damages, naming DHH and DHH’s secretary and undersecretary as defendants. Midtown requested the injunction to prevent DHH from terminating Midtown’s Medicaid provider agreement denying Medicaid remittances, and recouping Medicaid overpayments.[1]
Following the hearing on Midtown’s request for injunctive relief, the trial court took the matter under advisement and requested that post-hearing memoranda and proposed judgments be submitted by the parties. DHH submitted its post-hearing brief on July 9, 2012, and submitted its proposed judgment the next day. On July 13, 2012, the trial court signed the judgment in favor of DHH, denying Midtown’s request for a preliminary injunction.
On July 16, 2012, Midtown submitted its post-hearing brief with a proposed judgment to the court. On July 26, 2012, the trial court signed Midtown’s proposed judgment granting the preliminary injunction. Also, on July 26, 2012, the trial court signed an order granting Midtown’s motion for | ^suspensive appeal from the July 13, 2012 judgment.[2] On July 30, 2012, Midtown filed its appeal bond.
On August 9, 2012, the trial court signed a third judgment, which again granted the preliminary injunction in favor of Midtown. On August 20, 2012, DHH filed a suspen-sive appeal to seek review of the July 26, 2012 and August 9, 2012 judgments granting Midtown’s preliminary injunction. The trial court granted DHH’s appeal on August 23, 2012.
At a hearing held on September 10, 2012, pursuant to various motions that had been filed by the parties, the trial court informed the parties that it was sua sponte vacating all prior judgments and that it would notify all counsel when the trial court reached a decision. The parties note that on September 12, 2012, the trial court entered a minute entry that confirmed the trial court’s previous judgment in favor of Midtown. However, the minute entry has not been included in the appellate record.
DISCUSSION
Thé record before us contains three judgments: the July 13, 2012 judgment denying the injunctive relief sought by Midtown, and the July 26, 2012 and August 9, 2012 judgments granting the in-junctive relief sought by Midtown. The July 13, 2012 judgment is not before us in this appeal because Midtown’s appeal has been dismissed.[3] Accordingly, the only judgments pending before us in this appeal are the July 26 and August 9, 2012 judgments.
As a reviewing court, we are obligated to recognize our lack of jurisdiction if it exists. Starnes v. Asplundh Tree Expert Co., 94-1647 (La.App. 1 Cir. 10/6/95), 670 So.2d 1242, 1245. In Starnes, this court, addressing amendments to judgments, explained:
Pursuant to La.Code Civ.P. art. 1951, a final judgment may be amended by the trial court at any time on its own motion or ^pursuant to the motion of any party to alter the phraseology, but not the substance, of a judgment; or to *1096 correct errors in calculation. Thus, under Article 1951, a judgment may be amended where the amendment takes nothing from or adds nothing to the original judgment. Where an amendment to a judgment adds to, subtracts from, or in any way affects the substance of the judgment, such judgment may not be amended under La.Code Civ.P. art. 1951.
Article 1951 does not authorize the amendment of a final judgment to conform with the trial court’s reasons for judgment where the amendment would make substantive changes to the original judgment. Indeed, the trial court’s written judgment is controlling even though the trial court may have intended otherwise.
The proper vehicle for a substantive change in a judgment is a timely motion for a new trial or a timely appeal. The Louisiana Supreme Court has also recognized that, on its own motion and with the consent of the parties, the trial court may amend a judgment substantively. An amended judgment rendered without recourse to the above procedures is an absolute nullity. [Internal Citations Omitted.]
Starnes, 670 So.2d at 1245-46.
The changes made by the trial court in the July 26 and August 9, 2012 judgments are clearly substantive changes to the July 13, 2012 final judgment insofar as the July 26 and August 9 judgments grant injunctive relief in favor of Midtown whereas the July 13 judgment denied in-junctive relief. No timely motion for new trial was filed from the July 13, 2012 judgment, nor did both parties consent to the changes made to the July 13, 2012 judgment. Since the substantive changes were not made pursuant to a contradictory motion for new trial filed by the parties or by the court on its own motion pursuant to LSA-C.C.P. art. 1971, by consent of the parties, or by a timely appeal, the subsequent amending judgments are without legal effect.[4] See Starnes, 670 So.2d at 1246.
Because the July 26, 2012 and August 9, 2012 judgments are without effect, we lack jurisdiction to consider the merits of DHH’s appeal from these | ¿invalid judgments. Id. Additionally, the July 13, 2012 judgment is not currently before us because Midtown’s appeal has been dismissed.
We further note that Midtown filed a motion to dismiss DHH’s appeal, asserting that no party has sought an appeal from the September 9, 2012 order of the trial court, which vacated its prior rulings. Midtown also asserts that the appeal sought from the July 26, 2012 judgment was untimely because it was not sought within 15 days of the trial court’s judgment. See LSA-C.C.P. art. 3612(C). However, as noted above, we are without jurisdiction to consider the merits of DHH’s appeal. Accordingly, we deny Midtown’s motion to dismiss as moot.
Midtown also seeks to supplement the appellate record with various pleadings *1097 and documents not included in the record on appeal. Because we do not reach the merits of the appeal, the supplementation is denied as moot.
CONCLUSION
For the foregoing reasons, and finding that the only valid judgment was the first judgment signed on July 13, 2012 in favor of DHH and denying Midtown’s request for a preliminary injunction, we dismiss DHH’s appeal, deny Midtown’s Motion to Dismiss the appeal as moot, and deny Midtown’s motion to supplement the record as moot. Costs of this appeal in the amount of $2,220.90 are to be split between the parties.
APPEAL DISMISSED; MOTION TO DISMISS APPEAL AND TO SUPPLEMENT THE RECORD DENIED AS MOOT.

. In its petition, Midtown also sought damages for violation of 42 U.S.C. § 1983 and for denial of due process rights.

. It is unclear which the trial court signed first-the July 26, 2012 judgment or the motion for suspensive appeal.

.Midtown filed an “Unopposed Motion to Dismiss Appeal,” asserting that the trial court had granted its preliminary injunction and vacated the prior judgment denying injunctive relief such that its appeal of the July 13, 2012 judgment had become moot. The trial court signed Midtown’s order dismissing the appeal on October 17, 2012.

. The patties sought to have an additional hearing for the trial court to reconsider whether the preliminary injunction should issue. However, we note that the trial court is divested of jurisdiction over all matters reviewable under a suspensive appeal on the granting of the order of appeal and the timely filing of the appeal bond. LSA-C.C.P. art. 2088. Accordingly, although it appears that the trial court possibly retained jurisdiction when it signed the July 26, 2012 judgment before Midtown filed its suspensive appeal bond, die trial court had no jurisdiction to sign the August 9, 2012 judgment or take fmther action on matters reviewable under the appeal, including vacating the prior judgments in the September 12, 2012 minute entry, after it signed the order for suspensive appeal and Midtown filed its appeal bond.