STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-228 consolidated with CA 17-229


SUCCESSION OF DONALD C. HODGE, SR.

CONSOLIDATED WITH:

COMMON PLACE PROPERTIES, L.L.C.
AND RONALD GRANGER

VERSUS

ESTATE OF DONALD C. HODGE, SR.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 52,556 C/W  2015-2285
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret, Judges.


AFFIRMED.

**Thomas J. Gayle**
**Gayle Law Firm, L.L.C**
**P. O. Box 3190**
**Lake Charles, LA 70602**
**(337) 494-1220**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Ronald L. Granger**
**Common Place Properties, L.L.C.**

**Donald Carl Hodge, Jr.**
**Attorney at Law**
**4148 Palm St.**
**Baton Rouge, LA 70808**
**(337) 794-8873**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Estate of Donald C. Hodge, Sr.**

**PERRET, Judge.**

Defendant, the Estate of Donald C. Hodge, Sr., appeals a judgment of the trial court that granted a Motion to Enforce Judgment filed by plaintiffs, Common Place Properties, L.L.C. and Ronald L. Granger (hereinafter "Plaintiffs"). For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY:**

This opinion concerns two consolidated cases that have been before this court previously. In this court's prior opinion, *Succession of Hodge*, 16-185, 16-186 (La.App. 3 Cir. 6/1/16) (unpublished opinion), this court dismissed the appeals for not being designated immediately appealable, and recited the facts and procedural history, as follows:

> These cases involve the succession of Donald C. Hodge, Sr., who died intestate on October 18, 2012. The succession proceeding has been consolidated with a separate lawsuit which Common Place Properties L.L.C. (Common Place), and its manager, Ronald Granger [Plaintiffs], filed against the estate of Donald C. Hodge, Sr. . . . . Plaintiffs allege that Common Place[] owns a one-half interest in a rental house and a lot located on Orange Street in Lake Charles, Louisiana, and that the other one-half interest in the property was transferred by Common Place to Mr. Hodge on October 2, 2008. However, Plaintiffs maintain that the sale/transfer of the rent house and lot to Mr. Hodge should be rescinded on the ground that the purchase price was never paid. Plaintiffs also allege that in July of 2011, Common Place obtained a loan secured by the rent house and lot. Further, Plaintiffs allege that although Mr. Hodge was given $25,000.00 out of those loan proceeds, he never repaid any portion of the loan.
>
> Additionally, Plaintiffs allege that in August of 2008, Mr. Hodge entered into a bond for deed contract for the acquisition of a hair salon located on Alamo Street in Lake Charles, Louisiana. Plaintiffs assert that although Mr. Hodge executed the bond for deed in his name personally and made most of the initial down payment for the hair salon, the parties intended that Mr. Hodge would transfer his interest in the salon to Common Place in exchange for Mr. Hodge being given an equity position in Common Place. It is further alleged that Plaintiff, Mr. Granger, managed the hair salon and that the revenue generated from the rental of salon space was supposed to be used to make payments

towards a $50,000.00 balance owed under the bond for deed agreement.

Plaintiffs filed their lawsuit against Mr. Hodge's estate on June 9, 2015. By their lawsuit, Plaintiffs seek rescission of the sale of the rent house and lot to Mr. Hodge or, alternatively, an award of the purchase price; repayment of the funds advanced to Mr. Hodge from the proceeds of the 2011 loan; reformation of the 2008 bond for deed contract to reflect the parties' true intentions or, alternatively, payment of management fees for Mr. Granger's services; damages; and costs.

In response to Plaintiffs' lawsuit, the independent administrator of Mr. Hodge's estate filed an answer and a reconventional demand arguing that there is no valid evidence of a $25,000.00 loan being given to Mr. Hodge by Common Place, that Mr. Hodge is the full owner of the hair salon on Alamo Street, and that Mr. Hodge has a one-half ownership interest in Common Place and in the rent house and lot on Orange Street. The administrator also maintains that Mr. Hodge's estate is entitled to have the rent house on Orange Street sold pursuant to a lease-purchase agreement entered into by Common Place and the current occupants of the home. Further, the administrator contends that the estate is entitled to a monetary award from Plaintiffs because Mr. Granger[] converted funds and failed to accurately report money earned from the hair salon during his management of the salon. Finally, the administrator alleges that the estate is owed $5,000.00 plus profits from Mr. Granger[] as a result of an investment that Mr. Hodge made in a business known as the Cajun Fun Shop in November of 2011. In response to the reconventional demand arising out of the investment in the Cajun Fun Shop, Mr. Granger, filed an exception of prescription.

The administrator of Mr. Hodge's estate filed with the trial court a rule to show cause seeking to have Plaintiffs ordered to show cause why the estate should not be granted the relief requested in its reconventional demand. The administrator also filed some exceptions of prescription in response to Plaintiffs' lawsuit. To the extent that Plaintiffs seek to nullify the 2008 sale of a one-half ownership interest in the rent house and lot to Mr. Hodge and to nullify the 2008 bond for deed contract for the purchase of the hair salon, the administrator argues that Plaintiffs' claims are prescribed under La.Civ.Code art. 2032, which provides for a five-year prescriptive period for having a relatively null contract nullified. With regard to Plaintiffs' attempt to recover for the loan allegedly made to Mr. Hodge in July of 2011, the administrator asserts that Plaintiffs' claims are barred by the three-year prescriptive period set forth in La.Civ.Code art. 3494(3). Further, the administrator

contends that the claim by Mr. Granger[] for reimbursement pay for management services provided at the hair salon is barred by the three year prescriptive period set forth in La.Civ.Code art. 3494(1).

Plaintiffs' lawsuit against Mr. Hodge's estate was consolidated with Mr. Hodge's succession proceedings on August 15, 2015, and a trial was held on October 13, 2015. On December 4, 2015, the trial court signed a judgment, which granted in part and denied in part the relief sought by Plaintiffs via their lawsuit and the relief sought by Mr. Hodge's estate via its reconventional demand, exceptions, and rule to show cause. The trial court found that the $25,000.00 that was given to Mr. Hodge out of the proceeds from the 2011 loan, which was secured by the rent house and lot, was, in fact, a loan to Mr. Hodge; however, the prescriptive period for Plaintiffs to collect on that debt has lapsed. The exceptions of prescription were denied 1) as to Plaintiffs' claims for nonpayment of the sales price for the rent house and lot on Orange Street; and 2) as to Plaintiffs' relative nullity claim pertaining to the purchase of the hair salon on Alamo Street via the 2008 bond for deed contract. The trial court ordered that, on the ground of mutual error, both the warranty deed for the purchase of the property on Orange Street and the 2008 bond for deed contract for the purchase of the hair salon on Alamo Street be reformed to reflect that the sole owner/purchaser of those properties is Common Place. With regard to the reconventional demand that the administrator of Mr. Hodge's estate filed seeking to have Mr. Granger repay the $5,000.00 investment Mr. Hodge made in the Cajun Fun Shop, the trial court dismissed that claim as prescribed. With regard to the reconventional demand whereby Mr. Hodge's estate seeks an accounting for Mr. Granger's management of the hair salon, the trial court reserved the right to address that issue at a later date and ordered the parties to make a reasonable effort to provide a financial accounting before raising that issue again.

The Administrator filed a motion for appeal on behalf of Mr. Hodge's estate on December 28, 2015. The trial court signed the order of appeal on January 6, 2016. The appeal record was lodged in this court on March 15, 2016. . . . [U]pon the lodging of the record in this appeal, this court issued a rule for Mr. Hodge's estate to show cause why the appeal should not be dismissed as having been taken from a partial judgment which has not been designated immediately appealable pursuant to La.Code Civ.P. art. 1915(B). The administrator for Mr. Hodge's estate filed a response to this court's rule to show cause order.

3

While these cases were on appeal, on April 14, 2016, the defendant filed a Motion for Clarification of Judgment requesting the trial court to specifically designate the December 4, 2015 partial judgment immediately appealable pursuant to La.Code Civ.P. art. 1915(B). Thereafter, on May 27, 2016, the trial court amended the December 4, 2015 judgment to include the proper certification language set forth in La.Code Civ.P. art. 1915(B), finding "there to be no just reasons for delay" and designating the judgment as final and immediately appealable. No appeal was taken from this May 27, 2016 supplemental and amending judgment.

Without having any knowledge of the May 27, 2016 supplemental and amending judgment, this court dismissed these appeals on June 1, 2016, and ruled that the December 4, 2015 partial judgment was not properly designated immediately appealable pursuant to La.Code Civ.P. art. 1915(B). In its opinion dismissing the appeals, this court noted, in dicta, "that Mr. Hodge's estate should wait and seek an appeal after the entire case has been adjudicated."

In May 2016, Plaintiffs filed a Motion to Enforce Judgment and Rule for Contempt, alleging that defendant's administrator refused to comply with the December 4, 2015 judgment that ordered it "to transfer, convey and assign any and all interest that the Estate of Donald C. Hodge, Sr.[,] may own in the Bond for Deed contract concerning the property situated at 601 Alamo Street to Common Place Properties, L[.]L[.]C." On November 17, 2016, after a hearing, the trial court granted the motion and ordered "that the Supplemental and Amending Judgment entered into in this matter on May 26 [sic], 2016[,] is a final judgment and susceptible to execution" and that "the Bond for Deed contract on 601 Alamo Street, Lake Charles, LA, has been unconditionally assigned to Common Place Properties, L[.]L[.]C." It is this judgment that is presently on appeal.

On appeal and in its sole assignment of error, defendant contends that the trial court erred in ruling that the May 27, 2016 supplemental judgment was final and

4

susceptible to execution. Defendant argues that this court, in its June 1, 2016 opinion, found "that the partial judgment at issue should not be designated as a final judgment for purposes of an immediate appeal" and that "Mr. Hodge's estate should wait and seek an appeal after the entire case has been adjudicated." Thus, defendant suggests that the ruling of this court became the law of the case despite the trial court's issuance of a supplemental judgment on May 27, 2016.

Plaintiffs filed a Motion to Dismiss the present appeal, urging that defendant is attempting to untimely appeal the May 27, 2016 amended judgment. However, the appeal before us is taken from the November 17, 2016 judgment that addressed Plaintiffs' Motion to Enforce Judgment that was filed in the trial court. Although the issue presented involves matters contained in the May 27, 2016 judgment, the matter before us is from a second judgment on a separate action. Because we find the instant appeal is properly before us at this time, we deny Plaintiffs' Motion to Dismiss.

**DISCUSSION:**

The issue is whether the trial court erred in granting Plaintiffs' Motion to Enforce Judgment and ordering the May 27, 2016 judgment final and susceptible to execution. Louisiana Code of Civil Procedure Article 1915 B(1) (emphasis added) addresses partial final judgments, and states:

> When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment **unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay**.

"Once the delays for appeal have expired without action, the judgment is final and definitive." *Petitjean v. City of Rayne*, 04-768, p. 2 (La.App. 3 Cir. 11/10/04), 886 So.2d 1267, 1269 (citation omitted). Louisiana Code of Civil Procedure Article 1951 governs amendments to final judgments and provides: "[A] final judgment may

5

be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation." As stated by the Louisiana Supreme Court, "a judgment may be amended by the court only when the amendment takes nothing from or adds nothing to the original judgment." *Tunstall v. Stierwald*, 01-1765 p. 4 (La. 2/26/02), 809 So.2d 916, 920 (citations omitted).

After a final judgment is rendered, "the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to: . . . [e]xecute or give effect to the judgment when its execution or effect is not suspended by the appeal." La.Code Civ.P. art. 2088(A)(7). Thus, although "La. C.C.P. art. 1951 does not permit the trial court to substantively alter a final judgment even if the amendment merely expresses the trial judge's actual intention," a trial court does have jurisdiction to "'give effect' to its prior judgment." *Petitjean*, 886 So. 2d at 1269-70 (quoting *McGee v. Wilkinson*, 03-1178, p. 3 (La.App. 1 Cir. 4/2/04), 878 So.2d 552, 554).

Applying these principles to the facts before us, we find that the May 27, 2016 partial judgment, which was designated immediately appealable by the trial court, is a final judgment. The parties do not dispute the fact that there was no appeal taken from this judgment. Subsequently, on November 17, 2016, when the trial court considered the Motion to Enforce Judgment, it properly limited the hearing to enforcing the May 27, 2016 judgment. Specifically, the trial court ruled in its November 17, 2016 judgment that the "May 26 [sic], 2016 [judgment] is a final judgment and susceptible to execution" and further noted that the "Bond for Deed contract on 601 Alamo Street Lake Charles" had "been unconditionally assigned to Common Place Properties, L[.]L[.]C." We find the language contained in the November 17, 2016 judgment was merely enforcing the May 27, 2016 judgment and did not substantively amend it. As such, we find no legal error in the trial court's

6

November 17, 2016 judgment that granted the Motion to Enforce Judgment and its ruling that the May 27, 2016 judgment is final and susceptible to execution.

**DECREE:**

For these reasons, we affirm the November 17, 2016 judgment.

**AFFIRMED.**