STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 0220

RAEVEN DUNCAN

VERSUS

BRETT GAUTHIER, BRETT GAUTHIER'S AUTO SALES, COLLISION
SPECIALTIES, INC., & HOUSTON SPECIALTY INSURANCE CO.

Judgment Rendered: ___OCT 2 8 2021___

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C612259

The Honorable Trudy M. White, Judge Presiding

*************

| | |
|---|---|
| Willie G. Johnson, Jr.<br>Jennifer O. Robinson<br>Derek E. Elsey<br>Sophia J. Riley<br>Erika L. Green<br>Ashley N. Johnson Greenhouse<br>Keelus R. Miles<br>Baton Rouge, LA | Counsel for Plaintiff/Appellee,<br>Raeven Duncan |
| Franklin D. Beahm<br>Jacob K. Best<br>A. Rebecca Wilmore<br>John M. Zazulak, II<br>New Orleans, LA | Counsel for Defendants/Appellants,<br>Brett Gauthier, Brett Gauthier's Auto<br>Sales & State National Insurance Co., Inc. |

*************

BEFORE: WHIPPLE, C.J., McDONALD, AND PENZATO, JJ.

**WHIPPLE, C.J.**

This matter is before us on appeal by defendants, Brett Gauthier, Brett Gauthier's Auto Sales, and State National Insurance Company, from a judgment of the trial court in favor of plaintiff, Raeven Duncan. For the reasons that follow, we vacate the December 30, 2019 judgment as an absolute nullity, reinstate the December 26, 2019 judgment, dismiss the appeal of the December 30, 2019 judgment, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On April 11, 2012, at approximately 5:00 p.m., Raeven Duncan was involved in an automobile accident with Brett Gauthier near the intersection of Florida Boulevard and Rushmore Avenue in Baton Rouge. At the time of the accident, Ms. Duncan was driving a 2002 Hyundai Elantra, owned by Betty Duncan, and was turning from Rushmore Avenue onto Florida Boulevard. Mr. Gauthier, who was the owner of Brett Gauthier Auto Sales as well as Collision Specialties, Inc., was operating a 2007 Mercedes Benz E350, owned by Brett Gauthier Auto Sales, and was traveling west in the left lane of Florida Boulevard at the time of the accident.

On May 18, 2012, Ms. Duncan filed a petition for damages allegedly sustained in the accident against Brett Gauthier, Brett Gauthier's Auto Sales, Collision Specialties, Inc., and Houston Specialty Insurance Company. Plaintiff subsequently filed a first supplemental and amending petition naming as additional defendants, State National Insurance Company, insurer of Brett Gauthier's Auto Sales, and Steven Colburn, an employee of Collision Specialties, Inc. Plaintiff further asserted survival action and wrongful death claims contending that the stress of the accident, combined with the trauma to her abdomen, caused her to experience a miscarriage soon after the accident.

2

Some of the defendants thereafter filed peremptory exceptions of no cause of action contending that plaintiff had no cause of action for any claim on behalf of an unborn child and seeking dismissal of plaintiff's survival action claim. Following a hearing, the trial court sustained defendants' peremptory exceptions and ordered plaintiff to amend her petition to eliminate any survival action claim. Accordingly, plaintiff filed a second supplemental and amending petition omitting that claim.

Plaintiff also filed a motion to dismiss her claims against defendants, Collision Specialties, Inc. and Houston Specialty Insurance Company, without prejudice, which was granted by the trial court by a judgment signed on January 15, 2013. On August 1, 2013, the trial court granted a motion for summary judgment dismissing plaintiff's claims against Mr. Colburn with prejudice. On May 1, 2018, the trial court also granted a motion for partial summary judgment, dismissing plaintiff's claims for wrongful death on behalf of her unborn child against Brett Gauthier, Brett Gauthier's Auto Sales, Collision Specialties, Inc., and State National Insurance Company, Inc., with prejudice.

Plaintiff's remaining claims against the remaining defendants proceeded to a bench trial on September 26, 2019. Following the trial, the trial court issued written reasons for judgment on December 3, 2019, finding in favor of plaintiff and awarding her damages.[1]

On December 26, 2019, the trial court issued a "TRIAL JUDGMENT" finding defendants, Brett Gauthier, Brett Gauthier d/b/a Brett Gauthier's Auto Sales, and State National Insurance Company, 100% liable for plaintiff's damages, and awarding plaintiff $19,202.60 for past medical expenses, $10,219.55 for expert

---

[1]On December 17, 2019, the trial court issued "AMENDED WRITTEN REASONS FOR JUDGMENT," which were similar to its previously issued written reasons, but contained the following designation, "IT IS ORDERED, ADJUDGED AND DECREED that this Judgment is final and thus appealable pursuant to La. C.C.P. Art. 1915." However, we note that the law is clear that the trial court's oral or written reasons for judgment form no part of the judgment, and appellate courts review judgments, not reasons for judgment. Beem v. Beem, 2020-0897 (La. App. 1st Cir. 4/20/21), __ So. 3d __, __, 2021 WL 1540545, *4.

3

reconstruction expense, "$1,1250.00" for the trial deposition fee of Dr. David Wyatt, and $125,000.00 for general damages, plus court costs and legal interest from the date of judicial demand.

On December 30, 2019, the trial court signed a second "JUDGMENT," submitted by plaintiff, which referenced the trial court's December 3, 2019 "written reasons finding in favor of plaintiff Raeven Duncan, and against Defendants, Brett Gauthier, Brett Gauthier's Auto Sales Collision Specialties, Inc. and State National Insurance Company ... [finding] defendants 100% at fault for the accident," and awarded plaintiff $19,202.60 for past medical expenses, $10,219.55 for expert accident reconstruction expense, $1,250.00 for the trial deposition fee of Dr. Wyatt, and $125,000.00 for general damages. The judgment was rendered "in favor of Plaintiff, Raeven Duncan, and against Defendants, Brett Gauthier, Brett Gauthier's Auto Sales Collision Specialties, Inc. and State National Insurance Company, jointly and in solido in the amount of $155,672.15, together with legal interest thereon from date of judicial demand until paid and plaintiff's court costs."[2]

On January 7, 2020, the defendants filed a motion for new trial, which was denied by the trial court on March 5, 2020.[3]  Thereafter, on April 9, 2020,

---

[2]The record contains an "OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT," filed by the defendants, noting several problems with plaintiff's proposed judgment. Included among them was plaintiff's reference to defendant "Brett Gauthier's Auto Sales Collision Specialties, Inc." in the judgment. The defendants pointed out that: (a) "Brett Gauthier's Auto Sales" is not an independent entity, but is a registered "d/b/a"; (b) "Brett Gauthier's Auto Sales Collision Specialties, Inc." does not exist; and (c) while "Collision Specialties, Inc." was a named defendant, no evidence was introduced tying this entity to the accident in question, nor did it own the subject vehicle or otherwise have any involvement, which would establish any legal liability of it.

[3]In support of their motion, defendants contended that a new trial should have been granted where: (1) despite plaintiff's testimony that she failed to yield to the right-of-way, the trial court failed to apply the presumption of fault to plaintiff pursuant to LSA-R.S. 32:123(B); (2) "Brett Gauthier's Auto Sales Collision Specialties, Inc." is not an existing corporate entity and while "Collision Specialties, Inc." was a named defendant, no evidence was introduced to support a finding against it; and (3) the award of special damages for medical expenses, expert accident reconstruction expenses, and trial deposition fee were more appropriately the subject of a motion to tax costs, and the award of deposition fees for Dr. Wyatt violated the trial court's prior ruling on a motion for protective order.

defendants filed a motion and order for a devolutive appeal from the December 30, 2019 judgment of the trial court. The order of appeal, however, was not signed by the trial court until November 13, 2020.[4]

On appeal, the defendants contend that the trial court erred in: (1) finding plaintiff's testimony credible despite being contradicted by both physical evidence and her own statements; (2) finding plaintiff's expert credible despite his "flawed" testimony being based on an improper or no foundation and assumed facts not in evidence; (3) permitting the introduction of evidence of the plaintiff's expert animation despite inconsistencies with other evidence and an improper foundation; and (4) failing to consider that plaintiff's vehicle was blocking a superior roadway when the court found Brett Gauthier had a duty to drive at a reduced speed.

## MOTION TO DISMISS

We note that plaintiff filed a motion to dismiss the instant appeal, contending that pursuant to LSA-C.C.P. art. 2124, a money judgment must be appealed by taking a suspensive appeal for which security must be furnished, and that, by apparently paying the judgment, defendants have "acquiesced and settled all claims with the exception of court costs" thereby rendering all issues moot on appeal.

Defendants oppose the motion to dismiss, contending that they "have every right to appeal a written judgment of the trial court," that LSA-C.C.P. art. 2124 does not require that a suspensive appeal be taken from a money judgment, and that there has been no settlement in this matter. Defendants state that they only

---

[4]In the meantime, on May 15, 2020, plaintiff filed a "MOTION AND ORDER TO EXAMINE JUDGMENT DEBTOR OR IN THE ALTERNATIVE[,] MEMORANDUM IN OPPOSITION FOR DISMISSAL OF DEFENDANTS' MOTION AND ORDER FOR DEVOLUTIVE APPEAL," seeking immediate execution of the judgment. Although the motion was set for contradictory hearing on August 17, 2020, according to the minute entries in the record, the parties did not appear on that date and the matter was passed until September 28, 2020. A September 28, 2020 minute entry indicates that plaintiff's counsel requested that the matter be placed on the trial court's October 28, 2020 docket. The record before us contains no further disposition of the judgment debtor motion.

paid the judgment because plaintiff attempted to collect on the judgment while defendants' pending motion for appeal, filed on April 9, 2020, remained unsigned by the trial court until November 13, 2020. Defendants maintain that "Plaintiff's counsel misstates the law to this Court and further is trying to take away Defendants/Appellants' right to appeal a judgment with a frivolous motion that waste[s] the time of this Court and counsel."

Contrary to plaintiff's assertions, LSA-C.C.P. art. 2124 does not require security for a devolutive appeal, nor does it require that a money judgment be appealed suspensively. See LSA-C.C.P. art. 2124. Moreover, while an appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him, payment of a money judgment, even without express reservation of the right to appeal, does not *per se* constitute voluntary and unconditional acquiescence as contemplated by LSA-C.C.P. art. 2085. See LSA-C.C.P. art. 2085; Charles C. Cloy, General Contractors, Inc. v. DiVincenti Bros., Inc., 308 So. 2d 493, 494-495 (La. App. 1st Cir. 1974). Instead, payment of a judgment must be accompanied by an intent to abandon the appeal, and proof of such intent rests upon the party alleging abandonment. Charles C. Cloy, General Contractors, Inc. v. DiVincenti Bros., Inc., 308 So. 2d at 495; see also Henry Waters Truck & Tractor Co., Inc. v. Relan, 277 So. 2d 463, 465 (La. App. 1st Cir.), writ denied, 279 So. 2d 206 (La. 1973).

Defendants contend that, although they paid the judgment because plaintiff was taking steps to collect on the trial court's judgment, there has been no settlement in this matter, that they have timely and properly availed themselves of their right to appeal, and that plaintiff has failed to establish or meet her burden of proving that defendants intended to abandon their appeal. We agree.

Accordingly, we deny plaintiff's motion to dismiss this appeal.

6

## APPELLATE JURISDICTION

As a reviewing court, we are obligated to recognize our lack of jurisdiction if such jurisdiction does not exist. Midtown Medical, L.L.C. v. Department of Health & Hospitals, 2012-1597 (La. App. 1st Cir. 2/15/13), 113 So. 3d 1094, 1095, citing Starnes v. Asplundh Tree Expert Co., 94-1647 (La. App. 1st Cir. 10/6/95), 670 So. 2d 1242, 1245.

As a procedural matter, we note that the record before us contains two judgments signed by the trial court arising from the September 26, 2019 bench trial on the merits. The trial court signed the original judgment on the merits on December 26, 2019, and signed a second judgment on the merits on December 30, 2019. The judgments differ in that the original judgment is rendered against defendants, "Brett Gauthier, **Brett Gauthier d/b/a Brett Gauthier's Auto Sales**, and State National Insurance Company," while the second judgment is rendered against defendants, "Brett Gauthier, **Brett Gauthier's Auto Sales Collision Specialties, Inc.** and State National Insurance Company." (Emphasis added.) The judgments further differ in that the original judgment awards plaintiff a fee of **"$1,1250.00"** for the trial deposition of Dr. David Wyatt, while the second judgment corrects the amount to show plaintiff is awarded **"$1,250.00"** for the trial deposition fee of Dr. David Wyatt. (Emphasis added.)

It is well settled under our jurisprudence that a judgment that has been signed cannot be altered, amended, or revised by the trial court, except in the manner provided by law. Mack v. Wiley, 2007-2344 (La. App. 1st Cir. 5/2/08), 991 So. 2d 479, 485-486, writ denied, 2008-1181 (La. 9/19/08), 992 So. 2d 932. Louisiana Code of Civil Procedure article 1951 limits the amendment of judgments

7

to the correction of errors in calculation and alteration of phraseology, but not the substance.[5]

A judgment may be amended by the court where the resulting judgment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So. 2d 448, 450 (La. 1978). However, an amendment to a judgment which adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment. Suprun v. Louisiana Farm Bureau Mutual Insurance Co., 2009-1555 (La. App. 1st Cir. 4/30/10), 40 So. 3d 261, 268. Substantive amendments to judgments can be made only by consent of the parties or after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal. Sanderford v. Mason, 2012-1881 (La. App. 1st Cir. 11/1/13), 135 So. 3d 745, 749. Otherwise, a trial court lacks authority to make substantive modifications to a final judgment. Bourgeois v. Kost, 2002-2785 (La. 5/20/03), 846 So. 2d 692, 696.

The trial court's changing of the name of a party cast in judgment constitutes an impermissible substantive change in the judgment. See Tunstall v. Stierwald, 2001-1765 (La. 2/26/02), 809 So. 2d 916, 920. Moreover, adding a party to a judgment is also considered a substantive change. See Frisard v. Autin, 98-2637 (La. App. 1st Cir. 12/28/99), 747 So. 2d 813, 819, writ denied, 2000-0126 (La. 3/17/00), 756 So. 2d 1145. When a trial court substantively amends a judgment without recourse to the proper procedure, the amended judgment is an absolute nullity. LaBove v. Theriot, 597 So. 2d 1007, 1010 (La. 1992); McGee v.

---

[5]Although LSA-C.C.P. art. 1951 was recently amended by 2021 La. Acts 259, effective August 1, 2021, at the time the judgments were signed herein LSA-C.C.P. art. 1951 provided as follows:

On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

8

Wilkinson, 2003-1178 (La. App. 1st Cir. 4/2/04), 878 So. 2d 552, 554-555. There is no valid basis for an appeal of an absolutely null judgment, and an appellate court lacks subject matter jurisdiction to review it. Glass v. Voiron, 2008-1347 (La. App. 1st Cir. 3/27/09), 2009 WL 838682, *1 (unpublished), citing Starnes v. Asplundh Tree Expert Co., 670 So. 2d at 1246.

The trial court herein substantively amended the December 26, 2019 original judgment by changing or adding the name of a defendant cast in judgment without recourse to the proper procedure and where the defendants herein did not consent to the substantive change in the judgment. Thus, the December 30, 2019 judgment is an absolute nullity and of no effect. See Frisard v. Autin, 747 So. 2d at 819; Glass v. Voiron, 2009 WL 838682 at *1. Because there is no basis for an appeal of an absolutely null judgment, this court lacks jurisdiction to review the merits of the December 30, 2019 judgment. See LSA-C.C.P. art. 2002; Midtown Medical, L.L.C. v. Department of Health & Hospitals, 113 So. 3d at 1096-1097. As such, the trial court's December 30, 2019 judgment is annulled and set aside, and the trial court's original judgment of December 26, 2019, which was not appealed, is reinstated. See Sanderford v. Mason, 135 So. 3d at 749.

On review of the record, however, it does not appear that the defendants received proper notice of the December 26, 2019 judgment. Notice of the signing of a final judgment is required in all contested cases and shall be mailed by the clerk of court to the counsel of record for each party and to each party not represented by counsel. LSA-C.C.P. art. 1913(A). The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed. LSA-C.C.P. art. 1913(D). Although the December 26, 2019 judgment contains a stamp certification by a deputy clerk of court that she mailed a notice of the judgment, the certification

9

does not name the recipients to whom the notice was sent as required by LSA-C.C.P. art. 1913(D).

If the defendants did not receive proper notice of the December 26, 2019 judgment, the appeal delays from that judgment seemingly never began to run. See LSA-C.C.P. art. 2087; Sims v. Barrios, 2008-0246 (La. App. 1st Cir. 9/22/08), 2008 WL 4292717, *1 (unpublished). Moreover, in the absence of the clerk's certificate showing the date of mailing of the judgment and to whom it was mailed, any doubt should be resolved in favor of the right to appeal. Sims v. Barrios, 2008 WL 4292717 at *1, n.2; Penalber v. Blount, 405 So. 2d 1376, 1377 (La. App. 1st Cir. 1981). Even if defense counsel had actual knowledge of the December 26, 2019 judgment, such knowledge is not sufficient to trigger the running of appeal delays absent compliance with mailing or service requirements. In re National Resources Recovery, Inc., 98-2917 (La. App. 1st Cir. 2/18/00), 752 So. 2d 369, 375, writs denied, 2000-0806, 2000-0836 (La. 5/26/2000), 762 So. 2d 1104, 1105. Thus, considering the absence of record evidence that the defendants received notice, and the well-settled precept that appeal delays do not begin to run until proper notice is mailed by the clerk, we remand this matter to the trial court with instructions to order the clerk of court to issue proper notice of the December 26, 2019 judgment in accordance with the provisions of LSA-C.C.P. art. 1913(D). Sims v. Barrios, 2008 WL 4292717 at *1, citing Voelkel v. State, 95-0147 (La. App. 1st Cir. 10/06/95), 671 So. 2d 478, 480.

Further, we note that the reinstated December 26, 2019 judgment awards plaintiff the trial deposition fee of Dr. David Wyatt, yet expresses the award as "$1,1250.00," a non-existent and undecipherable number. Thus, the judgment contains an obvious clerical error, which is clear on the record before us. Considering our remand of this matter, the December 26, 2019 judgment may be

10

amended by the trial court to correct this clerical error on remand pursuant to LSA-C.C.P. art. 1951.

## CONCLUSION

For the above and foregoing reasons, the December 30, 2019 judgment of the trial court is hereby vacated as null and set aside, the December 26, 2019 judgment is reinstated, and plaintiff's appeal of the December 30, 2019 judgment is dismissed. This matter is further remanded to the trial court with instructions to order the clerk of court to issue proper notice of the December 26, 2019 judgment in compliance with LSA-C.C.P. art. 1913(D).

Costs of this appeal are assessed 50% to the plaintiff, Raeven Duncan, and 50% to the defendants, Brett Gauthier, Brett Gauthier's Auto Sales, and State National Insurance Company.

**DECEMBER 30, 2019 JUDGMENT VACATED AS NULL AND SET ASIDE; DECEMBER 26, 2019 JUDGMENT REINSTATED; APPEAL OF DECEMBER 30, 2019 JUDGMENT DISMISSED; REMANDED WITH INSTRUCTIONS.**

11